No. 13,871.

DR. B. A. COLOMB vs. ROLLING & McFARLAND.

### SYLLABUS.

1. The rule of this court, requiring a litigant, who is cast in the Court of Appeal. to apply there for rehearing and have his application finally passed upon and refused before invoking at the hands of this court its writ of review, will be strictly enforced.
2. In obeying the writ of this court and sending up the record of a cause for review, it is competent for the judges of the Courts of Appeal, if they see proper, in the interest of the orderly discharge of the public business pertaining to their courts, to submit a return in writing to the writ.
3. For instance, if no application for rehearing in the Court of Appeal has been

made, in a given cause decided by that court, prior to application here for the writ of review, it is proper for the Court of Appeal, in sending up the record of the case, to call attention to that fact.

I N R.E. Rolling & McFarland applying for *certiorari*, or writ of review, to the Court of Appeals, Fifth Circuit, Parish of St. James.

*Edward N. Pugh,* for Applicant.

*Richard McCulloh,* for Plaintiff in suit, Respondent.

The opinion of the court was delivered by

BLANCHARD, J. On the 18th of March of the present year (1901) this court issued its writ of review, directing the record of this cause to be sent up pursuant to Article 101 of the Constitution.

The Court of Appeals, Fifth Circuit, accordingly, forwarded here the record of the case, and, in doing so, the presiding judge of that circuit submitted a return or statement giving the history of the case during its pendency in that court.

In obeying the writ of this court and sending up the record of a cause for review here, it is competent for the judges of the Courts of Appeal, if they see proper, in the interest of the orderly discharge of the public business pertaining to their courts, to submit a return in writing to the writ.

For instance, if no application for rehearing in the Court of Appeals has been made, in a given cause decided by that court, prior to application here for the writ of review, it is competent and proper for the Court of Appeals, in sending up the record of the case, to call attention to that fact.

That is exactly what was done in this instance.

From the statement of the presiding judge referred to, and from the minutes of the Court of Appeals for the Parish of St. James, it appears that this case came on *first* to be heard in said court at its regular term on the first Monday of April 1900, at which time the court was presided over by Judges Smith and Beauregard. Argument was had and the case submitted, and by the request and consent of counsel it was to be determined at chambers, ten days being agreed upon, or reserved for the filing of applications for rehearing, to date from notice to counsel of the filing of the opinion and decree.

Colomb vs. Rolling & McFarland.

Under this submission the cause was decided by the court, as then constituted, affirming the judgment of the District Court in favor of the plaintiff. The date of this decision was the 24th of May, 1900.

Counsel for defendants filed an application for rehearing on the 7th of June, 1900, and this was forwarded by the clerk of the court to the judges then presiding over the Court of Appeals for the said Parish of St. James. But before the judges could reach a conclusion upon the said application for rehearing, the term of office of Judge Smith of the said court drew to a close without provision, as yet, having been consummated for his succession.

In this emergency, and before the expiration of Judge Smith's term, the court, deeming it best to avoid a hurried consideration of the application for rehearing, determined to replace the case upon its docket to be tried again as of *original* trial by the incoming court as the same would be constituted under Article 99 of the Constitution of 1898.

Accordingly, an order to that effect was made, and the same was signed by Judge Beauregard on the 30th of June, 1900, the last day of Judge Smith's term of office, directing the clerk to re-assign the case for re-trial and give notice of the order to the attorneys of record.

This order was received by the clerk and entered of record on the 3rd of July, 1900. The notice it commanded was given to counsel, and the case was re-assigned, as of original hearing, upon the docket.

When the court met at its next regular sitting in the Parish of St. James, being then presided over by Judge Smith, pursuant to re-appointment under act of the Legislature, and by Judge Kilbourne, under assignment by the Supreme Court pursuant to constitutional direction, the case in question, being upon the docket as per its re-assignment under the order aforesaid, came on for trial, as of original hearing, was argued and again submitted.

The case was taken under advisement, counsel entering consent of record that the same be decided at chambers, with leave to apply for a rehearing within ten days after notification of judgment.

It further appears that the court was careful, at this last trial, not only to have the time reserved for application for rehearing, but also stated in open court to counsel that the trial was an original trial, as one of the judges (Kilbourne) had never heard the case before.

The court, on consideration of the case under the submission last referred to, again decided the same in favor of the plaintiff and

adopted as the reasons of the court (Judges Smith and Kilbourne) for its judgment, the former opinion of the court (Judges Beauregard and Smith). Accordingly, its decree was handed down, filed by the clerk and counsel duly notified of the same.

With regard to this judgment defendants, who were cast, filed no application for rehearing, and the application for the writ of review, made here, was so made without compliance with the amendment to Rule 12 of this court, which declares that no application for the writ of review in any case will be considered unless an application for rehearing has been first made in the Court of Appeals and refused.

Counsel for the applicants for the writ of review was in error in treating the trial last had in the Court of Appeals as a trial on application for rehearing, or as a rehearing ordered by that court in the cause.

The action of the court shows it to have been a re-assignment of the case for a new hearing as of original trial there. It was not a new trial ordered after consideration of, and action upon, the application for rehearing from the judgment pronounced by Judges Beauregard and Smith.

On the contrary, the application was not considered or acted on. The case was treated as though it had never been heard in the Court of Appeals. The judgment had been in favor of the plaintiff in both courts and if he did not complain of the re-assignment for trial anew as of original hearing in the Court of Appeals, it did not lie in the mouth of defendants to do so.

An erroneous entry by the clerk on the minutes of the court was made, as of date of the day of the last trial of the case in the Court of Appeals, to the effect that "the case came on for trial on a motion for a rehearing as per reassignment," etc. This mistake or inadvertence is pointed out by the presiding judge in his statement, and it clearly appears as error in the further recital of the minutes of that very day. For instance, we find this in the minutes of that day as the concluding paragraph, to-wit:—"By consent of counsel this case was submitted to the court and it was agreed that the case be decided at chambers *with leave to counsel to apply for rehearing within ten days after notification of judgment.*"

This portion of the minutes, taken in connection with the previous order of court, through Judge Beauregard, reassigning the case for trial, not as of rehearing acted on and granted, but as of original trial,

show conclusively that the last trial in the Court of Appeals was considered by all parties as an original trial there. Else why should counsel make the agreement as to time in which to file application for rehearing?

If it were the case on rehearing no further application for rehearing could be made. If it were the case on original trial in the Court of Appeals, an application for rehearing would lie.

Counsel, by seeking and obtaining the leave of the court for ten days' time in which to apply for rehearing after decision of the case was notified to them, conclusively acknowledged the trial then had to be original and not a trial on rehearing, and could not afterwards ignore the same.

One of the judges (Kilbourne) had never sat on the case before, and, therefore, more than *the single* presentation of it to him was advisable.

This was sufficient justification for the judges (Beauregard and Smith) to make the re-assignment order they did make, of which defendants cannot complain since it was to their advantage and not their detriment.

This court was not in possession of these facts when, on the 18th of March last, it issued its writ of review and brought the case here.

It is considered that the rule of this court (being amendment to Rule 12, adopted June 18th, 1900), relative to the previous making of applications for rehearing in the Court of Appeals, and having the same passed upon, before invoking the writ of review of this court, has not been complied with.

It is, therefore, held that the facts as subsequently disclosed did not justify the issuance of the writ, and it is now ordered that the same be recalled and the application therefor be dismissed, with costs against the applicants.

Rehearing refused.