## No. 14,061.

JOSEPH W. FRELLSEN vs. RUDDOCK CYPRESS COMPANY, LIMITED.

### SYLLABUS.

Rule 12 of this court is imperative. "No application for the writ of review will be considered unless an application for a rehearing has been first made in the Court of Appeal and refused." It must, under the rule, appear that an application has been made for a rehearing to entitle relator to a consideration of his application for a writ of review. A question similar in every respect has already been passed upon and leaves no alternative to the court. The application must be dismissed. Colomb vs. Bolling and McFarland, 106 La. 40.

IN RE Ruddock Cypress Company, Limited, applying for *Certiorari*, or Writ of Review, to the Court of Appeal, Parish of Orleans, State of Louisiana.

*Harry H. Hall*, for Applicants.

*Saunders & Gurley,* for Plaintiff, Defendant here.

The opinion of the court was delivered by

BREAUX, J. This action was petitory. The parties traced their title by mesne conveyances to the State.

In the District Court plaintiff obtained a judgment. The defendant appealed to the Court of Appeal for the Parish of Orleans and that court affirmed the judgment.

Defendant applies here for a writ of *certiorari*. An order *nisi* was issued directing the Court of Appeal to send up the record.

In respondent's brief our attention is invited to the motion to dismiss, filed on the ground that no application for a rehearing was ever made to the Court of Appeal. Other grounds are set forth. We deem it sufficient to take up the ground just stated for decision.

Relator, with the view of meeting this ground, sets up by way of answer to the motion to dismiss that the writ of *certiorari* has already been executed and the Court of Appeal, in conformity with the order of this court, has sent up the record of the cause. In the second place respondent admits that no application for a rehearing was made to the Court of Appeal, but that this was not done by reason of the fact that the Court of Appeal rests its decision upon the authority of the adju-

dications of this court, considering itself bound thereby, as will be seen by the following:

"Repeated decisions of the Supreme Court of this State have settled it that two different parties hold title from the State to the same land, the title of the first purchasing must prevail if not successfully impeached, even though the first purchaser's title is evidenced by a certificate of entry made under a land warrant and the subsequent purchaser's title is evidenced by a patent," citing three decisions. The foregoing would not be sufficient to justify us in taking the cases presented out of the effect of a rule of court upon the subject. A similar question as the one here has been passed upon by this court. A writ of review had been issued directing the record of the cause to be sent up pursuant to Art. 101 of the Constitution. The Court of Appeal returned that no application for a rehearing had been made. The record sustained the statement as correct. The court said: "The application for the writ of review made without compliance with the amendment to Rule 12 of this court, which declares that no application for the writ of review will be considered unless an application for a rehearing has been first made in the Court of Appeal and refused." Again: "It is considered that the rule of the court (being amendment to Rule 12, adopted June 18th, 1900) relative to the previous making of application for rehearing in the Court of Appeal and having the same passed upon before invoking the writ of review of this court has not been complied with." The court recalled the rule *nisi* and dismissed the application. Unless the rule before referred to be changed and the cited decision overruled it is scarcely possible to sustain the application in this case. The rule is general and admits of no exception. There must be an application for a rehearing made. Colomb vs. Rolling & McFarland, 106 La. 40.

In the case here it escaped attention that the petition for the writ did not contain the usual averment with reference to the rehearing. But without this averment, if it had appeared by the papers afterward sent here in compliance with the rule that an application had been made for a rehearing and denied, it would have been sufficient for the purposes of the application.

When it appears at the instance of the parties claiming the real interest in the case that the rule has not been complied with, we do not see our way clear to avoiding its enforcement.

For reasons assigned, the writ is recalled and denied and the application for a writ of *certiorari* is dismissed.