| | | |
|---|---|---|
| Distribution .................... | $3,331 | 90 |
| Amt. of plaintiff's légitime....... | 1,110 | 63⅓ |
| Amt. collected by plaintiff after death of her father............ | 90 | 60 |
| One-third légitime.............. | 30 | 20 |
| Add légitime 1st above mentioned | 1,110 | 63⅓ |
| Total judgment................. | $1,140 | 60⅓ |
| By credit...................... | 90 | 60 |
| | $1,050 | 00⅓ |

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by giving plaintiff the sum of $1,050, as above computed, and, as amended, the judgment is affirmed. The costs in both courts are divided in proportion of amount received by each of the parties in the suit.

PROVOSTY, J., dissents, on the question of the right of plaintiff to contest the validity of the donation on the present appeal.

———

(58 South. 500.)

No. 18,672.

ATCHAFALAYA LAND CO., Limited (SCHWING LUMBER & SHINGLE CO., Limited, Intervener) v. BROWNELL-DREWS LUMBER CO., Limited.

(March 25, 1912. Rehearing Denied April 22, 1912.)

*(Syllabus by Editorial Staff.)*

1. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE—ACTIONS—REMEDY.

A party claiming ownership by title duly recorded, but who is not in actual possession, may sue another, also out of possession, for slander of title, caused by his recording a title.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 397–401; Dec. Dig. § 140.*]

2. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE—ACTIONS—REMEDY.

Where plaintiff, not in actual possession, but claiming ownership by title duly recorded, sues defendant out of possession for slander of title caused by his recording a title, and defendant denies plaintiff's ownership and, by reconvention, sets up title in himself, the rights of parties must be determined according to the relative merits of the titles.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 397–401; Dec. Dig. § 140.*]

3. VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASER—NOTICE.

Where parties derive title from a common source, the party whose title is first in registry prevails as against a title first in date, though a transfer from the grantee in such title has been recorded.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. § 231.*]

4. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE—RIGHT TO SUE.

An owner of standing timber may sue for slander of title.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 397–401; Dec. Dig. § 140.*]

5. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE—PARTIES LIABLE—DAMAGES.

One who without malice and in good faith slanders the title of another by recording a title is not liable in damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 397–401; Dec. Dig. § 140.*]

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Action by the Atchafalaya Land Company against the Brownell-Drews Lumber Company, in which the Schwing Lumber & Shingle Company intervenes. From a judgment for defendant, plaintiff and intervener appeal. Reversed and rendered.

Burke & Burke and Ventress J. Smith, for appellants. Chas. L. Wise, for appellee.

PROVOSTY, J. Alleging title to, and possession of, E. ½ of S. W. ¼ of section 5, township 14 S., range 12 E., parish of St. Martin, and that the defendant company has caused a certain title to the said land to be recorded in the clerk's office of said parish, thereby slandering petitioner's title and causing petitioner damages to the amount of $500, plaintiff prays that the defendant company be ordered either to disclaim title to said property, or else assert same judicially, and be condemned to pay said damages, and that the inscription of said title be ordered to be canceled.

The Schwing Lumber Company intervened in the suit. It alleged that it had purchased from the plaintiff the timber on said land, and was owner and in possession of said timber, and that the recordation of said title by defendant company affected intervener's interest in said trees prejudicially, and slandered intervener's title to same to intervener's damage $500. It adopted all the allegations of plaintiff's petition and prayed that the defendant company be condemned to pay said damages, and that the inscription of said title be ordered to be canceled.

To this intervention the defendant company interposed an exception of no cause of action based on the alleged ground that the petition of intervener did not contain any allegation of the intervener being in possession. To the main suit, defendant interposed the special defense that plaintiff had not corporal possession, and therefore could not maintain the action of slander of title. In the alternative, and with full reserve of this special defense, defendant denied that plaintiff was owner, and, by reconvention, set up title in itself, and prayed to be decreed to be owner.

The land in question is cypress swamp land, of which nobody has had possession beyond the fact that the lines have been surveyed and marked and that occasionally a swamper would visit them in the interest of the intervener to see that no one was trespassing on them.

[1] Under these circumstances, the defendant company contends that both the main suit and the intervention must be rejected, since they are actions in slander of title and no possession has been shown.

No doubt, the jactitation action proper which is a suit by which the plaintiff asks that the defendant be compelled to institute the petitory action against him, can be brought only by a party in possession; for the petitory action is that action which is brought against the claimant in possession, and hence a claimant out of possession cannot require that the action be brought against him, but from this it does not follow that a party claiming to be owner by title duly recorded, but who is not in actual possession, may not bring a suit against another party equally out of possession to procure the cancellation of a title which that other party may have caused to be recorded against the property. If he could not, he would be remediless. He could not bring the possessory action, not being in possession, and he could not bring the petitory action, because of his adversary not being in possession. His right to this action was expressly recognized in Lacroix v. Villio, 123 La. 459, 49 South. 20.

[2] Whether in such a case the defendant, if he assert the validity of his title, would occupy the position of plaintiff in a petitory action, is a question that has never been passed on, so far as we are aware. In the case of Griffon v. Blanc, 12 La. Ann. 5, where both parties were in possession and defendant reconvened claiming title, the court, through Merrick, C. J., said:

"The plaintiff cites Millaundon v. McDonough, 18 La. 102, and Caldwell v. Hennen, 5 Rob. 20, to show that the defendant who reconvenes in the action of slander of title is a plaintiff in a petitory action. We think these authorities apply more properly to an action of slander of title purely; one where the defendant is out of possession. But where the defendant is actually in possession, the plaintiff cannot be permitted to change his position with the form of action and escape the burden imposed upon him by article 44, C. P. In order to recover and turn his adversary out of possession he must establish his title."

By parity of reasoning, where both parties are out of possession, their rights would seem to have to be determined simply according to the relative merits of the titles.

[3] In the present case no difficulty arises in that connection. The parties derive title from a common author, the Atchafalaya

'levee board. Defendant's was first in date; but that of plaintiff, first in registry. Plaintiff's must therefore prevail. McDuffie Case, 125 La. 152, 51 South. 100; Riggs v. Eicholz, 127 La. 750, 53 South. 977. Defendant's learned counsel, while admitting that the transfer by the levee board to its author in title, Howcott, was never recorded, contends that that deficiency was supplied by the recordation of the transfer from Howcott to itself. This contention is without merit. Moore v. M. L. & T. R. R. Co., 126 La. 840, 53 South. 22.

[4] In Labarre v. Burton-Swartz Lumber Co., 126 La. 982, 53 South. 113, the right of the owner of trees standing upon the land to bring the action of slander of title was recognized.

[5] Defendant acted without malice and in good faith, and hence owes no damages.

The judgment appealed from is set aside, and it is now ordered, adjudged, and decreed that the plaintiff, the Atchafalaya Land Company, Limited, have judgment against the defendant company, the Brownell-Drew Lumber Company, recognizing plaintiff company as owner of the land in dispute, namely, the E. ½ of the S. W. ¼ of section 5, township 14 S., range 12 E., parish of St. Martin, and ordering the registry of the title by W. H. Howcott to the said defendant company, in Conveyance Book 54, folio 447, under No. 27,870 of the clerk's office of the parish of St. Martin, to be canceled; and it is further ordered, adjudged, and decreed that the intervener herein, the Schwing Lumber & Shingle Company, have judgment against the said defendant company recognizing the said intervener to be the owner of the trees standing upon the said land; and it is further ordered, adjudged, and decreed that the claims for damages herein be rejected, and that the defendant pay the costs of both courts.