LAND, J.
[1] Respondents have moved to recall the writ of certiorari and to dismiss the application of the plaintiffs on the ground that no previous notice of the same was filed as required by subdivision 5 of rule 12 of the Supreme Court (47 South, viii). Subdivision 5, as far as necessary to quote, reads-as follows:
“Before any application to this court is made under this rule the applicant shall file in the office of the clerk of the Court of Appeal a notification addressed to the parties to the suit of the purpose to apply to this court for the certiorari, and the affidavit of such filing shall accompany the application.”
Subdivision 7 of rule 12 reads as follows:
“(7) The service of notice of intention to apply for certiorari or writ of review, under article 101 of the Constitution, followed by filing the application therefor within the time allowed by the Constitution, shall have the effect of suspending any further proceeding in the case, ei *416 ther in the Court of Appeal, or the court of the first instance, until the further order of this court, and the clerk will notify the Court of Appeal in each instance of the filing here of such application.”
Plaintiffs did not file any notification of their purpose to apply for a writ of certiorari in the office of the clerk of the Court of Appeal as required by rule 12, and no affidavit that such a notification was filed was annexed to their application for the writ.
The case was returnable at Crowley, parish of Acadia, and was there decided. The petition for a rehearing was refused at a session of the court of New Iberia, parish of Iberia, and the minutes recite as follows:
“Counsel gave notice to the court of his intention to apply to the honorable Supreme Court for writs of review, service of same being hereby waived by the court.”
[2] Rule 12 does not require applicants for writs of review to give notice to the Court of Appeal, but does require previous notice to the parties to the suit. This notification to the parties serves the purpose of a citation, and when followed by the filing of the application suspends all further proceedings in the case both in the Court of Appeal and in the courts of first instance. We cannot hold that notice to the Court of Appeal dispensed with the notification to the parties imperatively required by rule 12, which has the same force and effect as a statutory rule of practice.
It is therefore ordered that the writ granted herein be recalled, and this proceeding be dismissed, at the cost of the plaintiffs.