His Honor, CHARLES P. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
The judgment in this case was rendered by this Court on May 31st, 1915, and the application for a rehearing was refused on June 30th, 1915. The judgment therefore became final and executory on that day. Plaintiff alleges that upon July 7th following he applied to the Clerk of this Court to transmit to the Court below the opinion and decree herein together with the record of the case; that the Clerk refused his request for the reason that under Article 101 of the Constitution, as interpreted by the Supreme Court of the State, the defendant had thirty days after the decision of this Court had been rendered and a rehearing refused within which to apply for a certiorari.
Act 191 of 1898, p. 436; 106 La., 37, 594; 111 La., 730; 11-7 La., 910; 124 La., 599; 126 La,, 244.
*14 There is nothing in Article 101 of the Constitution from which it could be inferred that the judgment of this Court is held up in a state of suspended animation until the delays for taking a certiorari have expired. Section 3 of Rule 16 of the Supreme Court provides that ‘ ‘ the service of notice of intention to apply for certiorari or review, under Article 101 of the Constitution, followed by the filing of the application within the time allowed by the Constitution, shall operate to suspend any further proceedings in the case to which the application relates, ’' etc.
Thus it will be seen that the Supreme Court did not consider that the delays within which a certiorari could be applied for “suspended any further proceedings in the oa;se,” unless service of notice of intention to apply for certiorari was given “followed by the filing of the application. ’ ’
Article 104 of the Constitution provides that ‘ ‘ the rules of practice regulating appeals to any proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal,” etc.
117 La., 910; 120 La., 504.
Article 911 of the Code of Practice .as amended by Act 18 of 1879, p. 33, reads as follows:
“The judgments rendered by the Supreme ’Court at New Orleans shall be final after six. judicial days shall have elapsed from the rendering of the judgment, etc. The 'Clerk shall deliver a copy of any final judgment to every person requiring it.”
In the case of Hubbs vs. Graham-Bernstein, No. 6367 of this Court, we had occasion to pass upon this question, and we said:
*15 Opinion and decree, July 22nd, 1915.
For original opinion see Book XII, folio 357.
£ £ The Clerk of this Court is without right to refuse to furnish a certified copy of the opinion and decree immediately after .a rehearing has been denied.”
A re-examination of the question has only confirmed us in the correctness of that opinion.
But a different question arises as to the duty of the Clerk to transmit or return the record to the ’Court below. Considering that for the space cf thirty days from the time the judgment becomes final in this Court, the party east or any other party in interest , may petition for a certiorari, and considering that the Supreme Court in such a case “may require that the whole record be sent up. for its consideration,” we are'of the opinion that the interests of justice require .that this Court shall retain possession and control of said record until the delays for petitioning for a certiorari have expired, reserving to the'parties the right of demanding .and obtaining from the ’Clerk of this Court copies of such parts of the record as they may deem necessary to execute the judgment of this Court.
For these .reasons it is decreed that the rule herein be made absolute in so far as to order the Clerk of this Court to forthwith transmit to the 28th Judicial District Court in and for the Parish of Jeíferson a certified copy of the opinion and decree herein, and that in other respects said rule be dismissed.
Rule absolute in part.