(80 South. 603)

No. 23308.

BUTCHER v. ARCENEAUX.

(Jan. 6, 1919.)

*(Syllabus by Editorial Staff.)*

CERTIORARI ☞46—PROCEEDINGS TO PROCURE NOTICE TO PARTY.

Where defendant did not file in office of clerk of Court of Appeal either in Crowley, Arcadia parish, where case was to be submitted, or in Baton Rouge, where case was to be determined under Act No. 89 of 1914, a notice to plaintiff of intention to apply to Supreme Court for certiorari, or writ of review, as required by Supreme Court Rule 16, §§ 2, 3 (67 So. xi), the writ issued would be recalled; a written notice to counsel of plaintiff being insufficient.

O'Niell, J., dissenting.

Certiorari to Court of Appeal, Parish of Lafayette.

Suit by Frank V. Butcher against Joseph V. Arceneaux, Jr., to recover rent, etc., for land, and summary proceeding by plaintiff to obtain possession of land leased by him to defendant, which on defendant's motion were consolidated by order of the court. Judgment in consolidated suits in favor of plaintiff, and defendant took a suspensive appeal, his application for writs of certiorari and prohibition pending the appeal was denied, and he applies for certiorari, or writ of review. Writ issued in the case recalled.

John L. Kennedy, of Lafayette, for applicant.

Jerome Mouton and J. J. Fournet, both of Lafayette, for respondent.

SOMMERVILLE, J. Plaintiff moves to dismiss this application for a writ of review, or certiorari, made to this court by the defendant, on the ground that defendant failed to file in the office of the clerk of court of the Twenty-Second judicial district, in and for East Baton Rouge parish, in which parish the Court of Appeal, First Circuit, finally determines cases referred to it, under the provision of Act No. 89 of 1914, p. 204, or in the office of the clerk of the Eighteenth judicial district court, in and for the parish of Arcadia, to the parish seat of which, Crowley, cases from Lafayette parish are made returnable to be argued and submitted (the clerks of court of said two parishes serving, under the law, as clerks of said Court of Appeal), the notice to the parties to the suit, required to be given by

the provisions of section 2, rule 16 of this court.

The rules of the Court of Appeal require that all appeals from Lafayette parish should be made returnable at Crowley, in Arcadia parish; and Act No. 89 of 1914, p. 204, provides that such cases shall be argued and submitted at Crowley, and be finally determined at Baton Rouge.

Attached to the motion are certificates from the clerks of the district courts of Arcadia and East Baton Rouge parishes showing that no notice to the parties to the suit had been filed in their respective offices.

Defendant, in his application for the writ, alleges:

"That on said September 24, 1918, petitioner notified the Court of Appeal, as well as the counsel for plaintiff, Frank D. Butcher, of his intention to apply to this honourable court, said notice being in writing, as will appear by the sworn statement of the attorney for the petitioner, annexed hereto."

It would appear that the notice just referred to was filed in the office of the clerk of court of Lafayette parish; but the clerk of court of that parish is not the clerk of the Court of Appeal. It is the clerk of the district court of Arcadia parish, where the Court of Appeal sits, who is the clerk of the Court of Appeal; and it is through that court, or the clerk of the district court of the parish of East Baton Rouge, where cases in that circuit are decided, who is the clerk of the Court of Appeal of that circuit. Therefore there was no notice by defendant of his intention to apply to this court for writs of certiorari and review served upon the parties to the suit.

Section 2 of rule 16 of this court (67 South. xi) provides, in part, that—

"The petition for the writ of certiorari or review to a Court of Appeal shall be verified by the affidavit of the petitioner that the applicant has filed in the clerk's office of such court, a no-tice, addressed to the parties to the suit, of his intention to make the application to this court," etc.

The court has adopted the above and other rules relating to the procedure in making applications for writs; and the notification required is made imperative, for the reason that the parties in interest should be made aware in time of the application, so as to inform them that further proceedings had been suspended in the case. Section 3 of the same rule provides that—

"The service of notice of intention to apply for certiorari or review shall operate to suspend any other proceedings in the case to which the application relates, either in the Court of Appeal or the court of the first instance until the further order of this court, and the clerk is required to notify the Courts of Appeal, in each instance of the filing of such application."

Failure to comply with the rule would bring about disorder and confusion. Parties in interest, or perhaps third parties, acting under the law and the record, might act to their possible injury and damage if the rule were not complied with.

In construing this same rule, with reference to applications for rehearings being first made in the Courts of Appeal, in the case of Colomb v. Rolling, 106 La. 37, 30 South. 293, the writ was recalled because a rehearing had not been applied for and disposed of before the application for the writ of review from this court was made. The ruling in the Colomb Case was repeated in Frellsen v. Ruddock Cypress Co., 108 La. 37, 32 South. 169. Again, in Guillaume v. Guillaume, 132 La. 413, 61 South. 510, with reference to the notice being served upon the parties to the suit, the court held that such notice was necessary, and the writ granted in the case was recalled because the notice had not been served.

The applicant's attorney made affidavits to the effect that notice was served upon counsel of plaintiff, in writing, of defend-

ant's intention to apply to this court for the writs; but the written notice to the counsel of the plaintiff is not "a notice addressed to the parties to the suit of his intention to make the application to this court" which should have been filed in the clerk's office of the Court of Appeal, either at Crowley in Arcadia parish or in Baton Rouge.

The writ issued in this case is recalled, at the cost of relator.

DAWKINS, J., takes no part.
O'NIELL, J., dissents.