(90 South. 673)

No. 24470.

## FOREST LUMBER CO. et al. v. POLICE JURY OF SABINE PARISH et al.

(Jan. 30, 1922.)

*(Syllabus by the Court.)*

Highways ⬅︎127(1)—Only authority for levying special property taxes held to be statute limiting duration to five years.

Under the Constitution of 1898, as amended to 1910, the only authority for levying special property taxes, the proceeds of which were to be applied directly, and as collected, to the construction and maintenance of public roads,

was article 291 of that instrument, under which the duration of said tax was limited to five years.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

Suit by the Forest Lumber Company and others, as taxpayers, against the Police Jury of Sabine Parish and others, to contest the constitutionality of certain taxes levied by the said Police Jury for the year 1920. The district court decreed both special taxes unconstitutional, and enjoined the collection thereof, and the Police Jury and others appeal. Judgment affirmed.

J. B. Hill and Don E. SoRelle, both of Many, for appellants.

W. W. Thompson, of Leesville, R. A. Fraser, of Many, and Hardin & Hardin, of Leesville, for appellees.

ST. PAUL, J. The main issue herein is stated by the trial judge substantially as follows:

"On the 8th of November, 1910, there was submitted to the taxpayers of Sabine parish a proposition to vote a parish-wide road tax of 5 mills for 10 years, which proposition was carried. Said tax has been levied by the police jury for each year since then, except that in the years 1919 and 1920 it was reduced to 2½ mills in conformity to the constitutional amendment of 1918 (Act 191 of 1918). This levy of 2½ mills for the year 1920 is attacked as unconstitutional, on the ground that when said tax was voted no tax could be constitutionally or legally voted for that purpose in excess of 5 mills for 5 years."

### I.

In the year 1910 the only authority under the Constitution of 1898 for levying special property taxes, the proceeds of which were to be applied directly, and as collected, to the construction and maintenance of public roads, was article 291 of that instrument, reading in part as follows:

"Other taxes may be levied by the police juries for road and bridge purposes, not to exceed five mills for five years [when approved by the property taxpayers]."

For at that time article 232 of the Constitution limited parish taxation to 10 mills on the dollar "for all purposes," except that special taxes in excess of said limit might, by vote of the taxpayers, be levied for certain purposes; not, however, including public roads, these being specially provided for in article 291 as aforesaid.

And article 281, as amended in 1910 (Act 197), merely authorized parishes, through their police juries, with the approval of the taxpayers, to "incur debt and issue negotiable bonds therefor" for the purpose of constructing, improving, and maintaining public roads and highways and for certain other purposes, whereupon the police jury shall levy a special tax sufficient to pay the interest and principal of such bonds; provided, however, that "such special taxes, for all purposes, shall not in any one year exceed ten (10) mills on the dollar of the assessed valuation," and provided also that said bonds shall not "run for a longer period than forty years."

### II.

From the foregoing it seems clear that, in the year 1910, the only authority for the levying of special property taxes, the proceeds of which were to be applied directly and as collected, to the construction of public roads and parish bridges, was article 291 of the Constitution of 1898, under which such special taxes were limited to 5 years, and could not exceed 5 mills on the dollar of valuation.

For article 232 did not permit the levying of special taxes for road building, and article 281 provides only for a tax which the police jury itself shall levy to pay the interest and capital of such bonds as might be authorized by vote of the people.

In other words, under article 232 and article 291, the electors vote upon the rate and

duration of the tax; but, under article 281, as amended in 1910, the electors vote on the amount and duration of the bonds, whilst the police jury itself levies the tax and fixes the rate thereof (not exceeding a certain limit) for the purpose of paying the capital and interest of the bonds so authorized.

### III.

The rulings of the trial judge on the other issues involved are not complained of.

### Decree.

The judgment appealed from is therefore affirmed.