### No. ——

*First Circuit*

## HOOVER v. VINYARD

(June 26, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Slander of Title—Pard. 5.**

Those who fail to perform any act of possession for more than twenty years and permit the land to be sold for delinquent taxes, having acquiesced in the acts of others in having it assessed to them and offering no objection to their cutting the timber from the land, have not the requisite possession to enable them to maintain an action of slander of title.

Appeal from the Twenty-first Judicial District, Parish of Tangipahoa, Hon. Columbus Reid, Judge.

Action by Mrs. Lucy Hoover, nee Hano et al. against E. W. Vinyard. There was judgment for defendant and plaintiffs appealed.

Judgment affirmed.

Rownd and Warner, of Hammond and H. P. McClendon, of Amite, attorneys for plaintiffs, appellants.

W. W. Comish, of Amite and A. S. Burns, of Ponchatoula, attorneys for defendant, appellant.

ELLIOTT, J.    Action of slander and title in which the defendant alleges that he is the owner and possessor and denies that the plaintiffs have title and possession.

Lucy, Adeline and Katie Hoover nee Hano, Virginie Raiford nee Hano, Thomas, Alfred, James, Foster, Clifford, Marcus, J. M., Frank, B. and Howard Hano, children and heirs of John and Mary Hano, claim to have actual physical possession as owners in indivision of the SE¼ of the SW¼ of Section 14, T. 7 S., R. 8 E., containing forty acres more or less, by inheritance from their father and mother.

That E. W. Vinyard has cut timber from said land and slandered their title by having caused adverse titles to be placed on record and claiming to be the owner thereunder. The said plaintiffs brought an action of slander of title against him and pray that he be ordered to either disclaim title or assert his rights to the land if any he has.

The defendant for exception to plaintiffs' demand alleged that they did not have possession, that defendant himself had possession of the land as owner. Defendant further plead that prescription of one year against plaintiffs' demand for timber cut and prayed that plaintiffs' demand be rejected.

Defendants' exception was considered as an answer and referred to the merits.

The demand of the plaintiffs was held barred by prescription as to the timber cut and their demand that defendant be required to either disclaim title or assert his rights, if any he has, was refused on the ground that plaintiffs did not have possession of the land as claimed in their petition. The plaintiffs appealed.

The evidence shows that John Hano, ancestor of the plaintiffs, was the owner and possessor of the S½ of the SW¼ of Section 14, T. 7 S., R. 8 E., by title from Thomas Badeaux in 1869. Many years ago he sold the SW¼ of the SW¼ of Section 14, T. 7 S., R. 8 E. to William Hano; remaining the owner and possessor of the forty acres described in the petition of the plaintiffs. John Hano built a dwelling house which he supposed was on this remaining forty acres; but died about the time it was completed. Mrs. Mary Hano, his widow, and her children, the plaintiffs, moved into the house, cleaned, fenced and cultivated a small field near the house which they believed was on the forty acres in question. The house and improvements may be on the forty acres in question, some of the witnesses say that they are, while others think the improvements erected by John Hano was just across the line on the adjoining forty; but be that as it may, John Hano intended to build on the land that he owned after selling forty acres to William Hano and his widow and their children believed that they were living on it.

The limits of the forty acres in question do not appear to have been surveyed, therefore the intention of the owner and of his widow and heirs and their acts, amounted to a taking of actual possession of the forty acres remaining.

As the children grew up, they departed from the mother's roof and made homes for themselves. When the last child left, she visited them for indefinite periods but always returned to the place mentioned, claiming it as her home. While she was absent on a visit to some of her children more than thirty years ago, the house burned and since then the place has not been occupied by anybody. Her children kept up the taxes it seems for a few years, but eventually neglected to pay the taxes and the property was adjudicated to the state for delinquent taxes on the land assessed against Mrs. Mary Hano. The property was not redeemed from the state, and in October, 1889, property claimed by defendants to be the property in suit, based on an adjudication that had been made to the state, was sold by the state to Edgar St. Ceran whose title was duly recorded on the day or about the time it was passed.

Defendant Vinyard by mesne and intervening sales, all acts duly recorded, deraigns a claim to title from Edgar St. Ceran. The defendant and his authors have had the land which they claim is the same claimed by the plaintiffs assessed to them and have paid taxes thereon since 1889. Defendant has cut timber and raked straw on the land, but has not occupied the land nor enclosed any part of it.

If the plaintiffs had continued to pay taxes and had exercised some act of actual possession every ten years as required by C. C., Art. 3444, then as held in Ellis vs. Prevost, 19 La. 251, their possession would have continued until this time, but they neglected to do that. It seems from the evidence that more than twenty years has elapsed since the plaintiffs or any of them has manifested any interest in the property, until the institution of this suit.

The facts and circumstances show that they lost their possession by their failure to perform any act of possession for more than twenty years. They permitted the land to be sold for delinquent taxes; have acquiesced in the acts of defendant and his

authors in having it assessed to them, and in the payment of taxes on it by them, and offered no objection when defendant cut the timber and raked the straw. In such a situation plaintiffs can not be regarded as possessors nor as having the rights which the law confers on possessors.

The case of Frost Johnson Lumber Co. vs. Sallings Heirs, 150 La. 756, 91 South. 207, cited by the plaintiffs involved a different situation and is not inconsistent with the conclusion at which we have arrived in this case. The same is true as to Guillaume vs. Guillaume, 132 La. 413, 61 South. 510; Slattery vs. Arkansas Natural Gas Co., 138 La. 793, 70 South. 806.

Plaintiffs have not the requisite possession; to enable them to maintain an action of slander of title against the defendant.

If they had brought suit under Atchafalaya Land Co. vs. Brownell-Drew's Lumber Co., 130 La. 657, 58 South. 500, or Act 38 of 1908, the legal situation would have been sufficient to call on the defendant for a test of title.

The judgment appealed from reserves this right to either party.

The judgment appealed from is correct.

Judgment affirmed, the plaintiffs and appellants to pay the cost in both courts.