No.——

First Circuit

---

AMACKER v. McCARTY, ET ALS.

---

(February 15, 1928. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1.    **Louisiana Digest—Sales—Par. 46, 334, 335.**

Where the provisions of a promise of sale specifies that purchasers shall have possession of the property as long as payments are made as provided, the burden of proof is on the seller to show that the purchasers, after having been invested with possession, surrendered it back to him.

2.    **Louisiana Digest—Sales—Par. 46, 47.**

Purchaser under a promise of sale complies with contract where all payments to be made thereunder were made in time, before a fire occurred which necessarily divested purchaser of possession which he was entitled to under his contract.

3.    **Louisiana Digest—Slander of Title— Par. 1, 5; Ownership—Par. 7; Sales— Par. 46, 47.**

A suit on a promise of sale in which purchasers of property were necessarily divested of possession by fire is not a slander of title but one involving an

alleged forfeiture of a contract in which the question of ownership must be determined as presented.

4. **Louisiana Digest—Sales—Par. 47, 61, 324.**

Where property is purchased by promise of sale in which purchaser is given possession, the furniture of buyer being pledge for the payment of the property, but burns before all payments are made, the seller collecting the proceeds of the insurance and distributing them, in view of Articles 2463 and 2563 of the Civil Code it must be considered a sale upon purchaser paying the balance due which the seller must accept and give title.

Appeal from the District Court, Parish of Washington. Hon. P. B. Carter, Judge.

Action by Charles F. Amacker against Henry McCarty, et als.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Miller & Richardson, of Bogalusa, attorneys for plaintiff, appellant.

L. W. McDougal, of Covington, attorney for defendant, appellee.

ELLIOTT, J. Charles F. Amacker alleging himself to be the owner and possessor of that part of lots 36, 37, 38, 39 and 40 in block 188 of the City of Bogalusa, Louisiana, lying south of a line beginning on the west side of said lot 36, and 60 feet from the southwest corner of the same, and running thence east parallel with Okechobee Avenue to Shenandoah Street, brought an action of slander of title against Henry and Mrs. Ninnie V. McCarty, husband and wife, on account of the same. He alleges that on July 23, 1924, he entered into a contract with Mrs. McCarty to sell said property to her for $2200.00, payable $50.00 cash, and $50.00 on the 11th of August,

1924, and $50.00 every thirty days thereafter until the $2200.00 was paid in full. That she had never made the payments provided for in the contract and therefore had lost all rights which she might have had to said property under said contract. That said Mr. and Mrs. McCarty had caused to be recorded in the conveyance books of Washington Parish, a copy of said contract, thereby slandering his title and causing him damage to the extent of $1000.00. He prayed that they be ordered to either disclaim or assert title, condemning them to pay damages and ordering that said contract together with the registry in the conveyance book which had been made of the same, be cancelled. A certified copy of the contract was annexed to and made part of his petition.

The defendants filed an exception of no cause of action against his demand, but what became of it does not appear; we presume that it was abandoned.

Mr. McCarty for answer denied plaintiff's averments and adopted the answer of his wife. Mrs. McCarty denies plaintiff's averments of ownership and possession; admits entering into a contract with him as alleged; denies his averment that the payments provided for in the contract were not made, and alleges that said payments were made. She admits the recordation of the contract and her refusal to agree for it to be cancelled, and denies that plaintiff had been damaged by the registry.

She further alleges that there was a dwelling house on the property which, under the contract, was to be occupied by her and her family as a residence, and also to be used by her for the purpose of taking boarders and roomers. That insurance was taken out on said building to the extent of $3000.00 for the mutual protection of all parties to said sale. That on

the night of October 5, 1924, the building was destroyed by fire; that insurance thereon in amount $3000.00, was collected by the plaintiff. That the amount collected, being in excess of the indebtedness due by her under the contract to the plaintiff, she was entitled to have from him a title to the property in accordance with the contract, but that he refused to execute the same. That her entire indebtedness to plaintiff under the contract and on account of said property, had been paid by said insurance, leaving due her a balance of $900.00 which amount she claimed in reconvention.

She prays to be recognized as the equitable owner of the property; that plaintiff be ordered to execute in her favor a title to the same, and for judgment against him in reconvention for $900.00.

Mr. and Mrs. McCarty afterwards joined in a supplemental and amended answer, in which they allege that the property in question had been bought for their joint benefit; that the value of same had been reduced in proportion to the value of the building destroyed by fire; that the amount due under the contract should be credited with whatever sum the plaintiff had received under said promise to sell, and if anything remained due, they prayed to be permitted to pay it and take title.

There was judgment rejecting plaintiff's demand. The court held that taking together what he had been paid and what he had collected, that he had received the amount due him under the contract, except to the extent of $90.00. He was therefore ordered to make defendants a title upon payment of the $90.00. In case he refused to do so, defendants were authorized to deposit the $90.00 in the registry of the court, upon which the judgment was to operate, as a title. Plaintiff appealed.

The plaintiff avers in article 2 of his petition that Mrs. McCarty was to pay $50.00 cash at the time the promise to sell was executed. This is a mistake; the promise to sell shows that there was no cash payment to be made. The contract bears date July 23, 1924, and the first payment to be made thereunder was $50.00 to be paid August 11, 1924.

Mrs. McCarty alleges in her answer, article 8, that plaintiff collected $3000.00 in insurance on the dwelling. This is a mistake; the amount collected was $2000.00. She also alleges that the dwelling was burned on the night of October 5, 1924. This is another mistake; it was burned early in September, 1924, probably about the 5th.

The questions of possession and payment are so connected, that we discuss them together. The promise to sell, which the plaintiff sues to have cancelled, contains the following provision:

"It is further understood and agreed, that in the event of default in any of the payments above mentioned, the property herein described shall at once revert to and belong to the said Charles F. Amacker, without the necessity of putting in default, and possession of said property shall be at once restored and any and all previous payments shall become forfeited; but the purchasers herein shall have possession of the above described property from date of this agreement and as long as the payments are made as herein provided."

Mr. and Mrs. McCarty were thus placed in possession by the act of the plaintiff on July 23, 1924, their possession to continue as long as the payments provided for in the contract were made.

The burden of proof therefore is upon the plaintiff to show that defendants, after having been invested with possession, surrendered it back to him.

Plaintiff testifies that on Friday night before the fire, Mrs. McCarty told him, in response to demand on her for rent, that they were moving out; that the house would be vacated immediately, and would be given up because they were unable to meet the payments. That she surrendered the house to him; that he could have possession when he desired, etc.

Mrs. McCarty propounded interrogatories to plaintiff. In answer to interrogatory No. 1, he says in part:

"A. This policy was issued to A. E. Knight, which policy had a provision therein, that the property was being bought under contract by Henry McCarty and this policy was intended to cover his interest. This policy was assigned from Knight to Amacker, which assignment was made in July, 1924, and in August, 1924, the following endorsement was made upon the policy. That Henry McCarty is no longer buying the property and his interest is eliminated."

In answer to interrogatory No. 3, he said in part:

"A. The policy was never issued to Henry McCarty. The policy first issued to A. E. Knight and was later assigned to C. F. Amacker. Policy bore endorsement that Henry McCarty was buying property under contract, and that his interest was intended to be covered, and on or about August 1, 1924, the policy had the following endorsement placed upon it: Henry McCarty is no longer buying the property and his interest is eliminated * * *, Henry McCarty having defaulted in the contract of sale was renting property covered by contract and other property from C. F. Amacker."

These answers are part of the record. Henry McCarty was not questioned about the elimination of his interest in the property and policy, as claimed in these answers. Nevertheless it appears from the answers, that Henry McCarty did not sign the endorsements and nothing appears indicating that he authorized the endorsements to be made. Plaintiff was not questioned on that subject.

Plaintiff's testimony that Mrs. McCarty told him that she would give up the property, is corroborated by Mr. Knight. He says that he heard Mrs. McCarty tell plaintiff that she could not keep the place and was going to move. Plaintiff's testimony on this subject and his answer to interrogatory No. 3, in which he says that the endorsement on the policy was to the effect that Henry McCarty was no longer buying the property, that his interest was eliminated; that he had defaulted in the contract of sale and was renting property covered by contract made on or about August 1, 1924, cannot be reconciled with the evidence satisfactorily showing that on August 10, 1924, the first payment provided for in the contract was duly and timely made by Mrs. McCarty and accepted by plaintiff.

We think that the preponderance of the evidence shows that Mrs. McCarty did make the first payment provided for in the contract on August 10th. It was due on August 11th. This payment, timely made, had the effect under the terms of the contract, of continuing Mrs. McCarty's possession until September 11, 1924. Before that time arrived the dwelling house burned. The evidence shows that the fire occurred several days previous to September 9th, probably about September 5th. It is so improbable that the defendant, after making the payment of August 10th, which gave them the right of occupying until September 11, 1924, had become plaintiff's renters for the property before the fire, that we are unconvinced that she had become such. And as it is not pretended that any change in possession has taken place since the fire, we are satisfied and hold that defendants are in possession and have been continually, since it was delivered to them under the contract.

Defendants cannot therefore be regarded as plaintiffs in a petitory action. And the present action cannot for the same reason be regarded as one of slander of title, but as one involving an alleged forfeiture of a contract and in which the question of ownership must be determined as presented. See Atchafalaya Land Co. vs. Brownell-Drews Lumber Co., 130 La. 658, 58 So. 500, and Frost-Johnson Lumber Co. vs. Sallings' Heirs, 150 La. 765, 90 So. 673.

The evidence shows that on September 9, 1924, Mr. and Mrs. McCarty assigned to plaintiff an insurance policy for $1000.00 on their furniture that had been burned in the house. This was two days before the second payment was due under the contract. The fire, according to Mr. McCarty, had taken place several days previous to the assignment. The plaintiff admits that he collected this policy, distributed the proceeds among Mr. and Mrs. McCarty's creditors who had an interest in the same turning over some $400.00 out of it to Mr. McCarty. He denies that he took out of it and applied to the amount due him under the contract any portion of the amount collected. Mr. and Mrs. McCarty both testify that he did. Mr. McCarty testifies that he took out $230.00 and applied $200.00 of the amount to the sum due him under the contract and $30.00 to the payment of a dental bill. That plaintiff made out a written statement to that effect and gave it to him and that he delivered it to Mrs. McCarty. Mrs. McCarty testifies that she received the statement from Mr. McCarty and that it showed on its face that the plaintiff had taken $200.00 out of the amount collected on the policy and applied it to the amount due him under the contract to sell, and also $30.00 in addition due him on a dental bill.

The statement was not produced. Mrs. McCarty says that after the fire they moved to Baton Rouge, and then back to Bogalusa, and that in moving it was lost.

There is a provision in the promise to sell which adds probability to defendant's contentions on this subject, as follows:

"The said Mrs. Ninnie V. McCarty further agrees that any and all furniture as well as other contents placed in the building now located on said property shall stand pledged for the payment of the amount to be paid monthly as hereinabove provided."

As the furniture was pledged for the sums due monthly, plaintiff could assert a plausible claim to the proceeds of this policy.

The above probability is strengthened by the assignment of the policy executed by Mr. and Mrs. McCarty in favor of the plaintiff. The assignment says that it was made in consideration of $1000.00 cash in hand paid by C. F. Amacker, but the evidence shows that plaintiff did not, in fact, pay anything. That it was made at his request for the purpose of enabling him to collect it. He admits that he collected the amount and that he distributed the proceeds to certain creditors of Mr. and Mrs. McCarty, who had an interest in the proceeds, took out a dental bill of $30.00 due him by defendants, and testifies that he turned over the remainder, some $400.00, to Mr. McCarty. We find that the plaintiff applied $200.00 of the amount collected on defendants' furniture to the payment due him under the promise to sell.

The plaintiff would not likely have voluntarily taken on himself the work and trouble of making proofs, collecting and distributing the proceeds of this policy among different claimants unless he was getting something out of it for himself. He had collected $2000.00 on the policy on the house, and $200.00 is all that remained due him on account of the property. Plaintiff

claims that the $2000.00 collected as insurance on the house belonged to him; that defendants had given up the property at the time of the fire, and had no interest in the policy on the house. We have found as heretofore stated, that defendants did not give up the property. "A promise to sell amounts to a sale," etc. C. C. Art. 2462. Defendants had possession under a promise to sell, which in effect amounted to a sale. We think that the promise was in full force and effect at the time of the fire and had the effect of making the $2000.00 insurance, which plaintiff collected on the property of which the defendants were in effect the owners, extinguish the amount due by them on the property·under the contract.

The amount collected on the house and that on the furniture makes $2200.00, a total sum due under the contract. Plaintiff received $60.00 before the fire, making in all $2260.00.

The evidence does not show the dates on which plaintiff collected the $2200.00 in insurance. It may have been after September 11, 1924, but as a promise to sell amounts to a sale, the provision in C. C. Art. 2563 on the subject of completed sales may in a situation like the present one, be applied to a promise to sell. Also the authority conferred by C. C. Art. 2047.

No suit for the dissolution of the contract had been filed at the time the collections were made. Plaintiff himself applied to the amount due him under the contract, the $200.00 collected on the policy on the furniture, therefore the monthly term for the payments will be held to have been satisfied by the collections when received. The case of Southport Mill, Ltd., vs. Ansley, 160, La. 131, 106 So. 720, and cases therein cited are applicable.

The plaintiff having received the amount due him under the contract, should make defendants a title as he agreed to do.

The district judge estimated, though his reasons for judgment show that he felt some uncertainty about it, that the defendants still owed the plaintiff ninety dollars.

The defendants did not appeal, nor answer that taken by the plaintiff and pray for a correction. We will therefore affirm the judgment appealed from.

Judgment affirmed, plaintiff and appellant to pay the costs in both courts.