BRUNOT, J.
 

 This suit was brought for the purpose of correcting and reforming an erroneous description in a tax deed to a fractional section of land in Caddo parish, La. For eighteen years prior to filing the suit the plaintiff and his authors in title have been in the actual possession of the property.
 

 John and Serena Allen were slaves. It appears that before they were emancipated there was some sort of ceremony by which they contracted a slave marriage. After their emancipation they lived together as man and wife until the death of John Allen. During the existence of their community, John Allen purchased the northeast quarter of southwest quarter of section 36, township 17 north, range 14 west, Caddo'parish, La. John Allen made his home on the property, and there resided until his death. Prior to his death, the property was assessed to him. In 1904 it was assessed to his estate, but in that assessment the property was erroneously described as the N. E. !4 of S. E. % of See. 36, Tp. 17 N., R. 14 W. The taxes for 1904 became delinquent, and in the following year the property was sold at tax sale and was purchased by W. T. Willis. Willis held undisturbed possession of the property from 1905 to 1911, when he sold it to J. L. Fisher. In the deed from Willis to Fisher, the property is correctly described. Fisher had actual possession of the property 'from the date of his deed until January 2, 1912, on which date he sold it tó' E. P. Coco, under the correct description contained in the deed from Willis to him. Coco remained in possession of the property from January 2, 1912, until June 21, 1915, when he sold it to the plaintiff, and plaintiff has had the actual possession of it since he acquired it.
 

 In the deed from Coco to plaintiff, dated June 21, 1915, the property is erroneously described as N. W. % of S. W. etc. The proper "description is N. E. }4 of S. W. etc. On September 13, 1915, E. P. Coco executed and recorded a correction deed, correcting the error appearing in the description of the property in his deed to plaintiff dated June 21, 1915.
 

 John Allen died in 1898, leaving Serena Allen as his sole heir and widow in community. Serena Allen died in 1903. On February 29, 1912, the eight defendants in this suit obtained an ex parte judgment recognizing them as the sole heirs at law of John and Serena Allen, deceased, in the proportion of seven-fourteenths of the estates to Louisiana Coleman and one-fourteenth to each of the remaining seven defendants, particularly of the N. E. % of S. W. % of section 36,
 
 *105
 
 township 17, range 14, Caddo parrish, La. This judgment was placed of record, and it operates as a cloud upon plaintiff’s title to the property. One of the purposes of this suit is to have this judgment canceled and erased from the records of Caddo parish in so far as it affects plaintiff’s title. The petition concludes with the usual prayer for citation, etc., for judgment reforming and correcting the erroneous description in the tax deed, recognizing plaintiff as absolute owner of the property, decreeing the ex parte order of February 12,1912, to be a slander on plaintiff’s title, and ordering it canceled.
 

 The defendants admit that plaintiff and his authors in title have had possession of the property for more than ten years. The answer contains a number of allegations which, but for the plea of prescription acquirendi causa, filed by the plaintiff, would call for consideration and determination. That plea, however, under the facts of the case, was, in our opinion, properly sustained, and this conclusion renders it unnecessary to consider any other issue raised by the pleadings.
 

 The record shows that the only property John Allen ever owned in Caddo parish is the 40 acres of land described as the northeast quarter of the southwest quarter of; section 36, township 17 north, range 14 west. It is shown that the plaintiff and his ¿uthors in title acquired the property, in good faith, and by a perfect description of the property in two deeds, dated, respectively, March 8, 1911, and January 2, 1912. Civ. Code, arts. 3478, 3481, 3482, 34S4.
 

 It is the jurisprudence of this state that, where one sells without title or without disclosing the defects in his title, the vendee in good faith, who, under his title, actually, openly and without molestation, possesses the property described in his deed for ten years, may successfully plead the prescription of ten years acquirendi causa.
 

 The plaintiff and his authors in title have actually possessed the land involved in this suit, in good faith, for more than ten years, under title deeds correctly describing the property.
 

 For this reason the judgment appealed from is affirmed, at appellants’ cost.