TOERNER et al. v. TEXAS CO. et al. *

No. 6919.

Circuit Court of Appeals, Fifth Circuit.

April 16, 1934.

*Petitions for rehearing denied June 15, 1934.

Luther E. Hall, of New Orleans, La., and Lewis H. Follett, of Angleton, Tex., for appellants.

R. C. Milling, of New Orleans, La., and Chas. H. Blish, of Shreveport, La., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Albert Toerner and twenty-five others claiming to be each the owner of an undivided interest, in various proportions, in 100 acres of land in Terrebonne parish, La., filed a petitory action, under the Louisiana practice, against the Texas Company and the Louisiana Land & Exploration Company, to recover title and possession of the said land. The Freeport Sulphur Company as the owner of a mineral lease on the land, executed by the other plaintiffs, was joined as a party plaintiff. The petition was dismissed on exceptions of no right of action and no cause of action.

The petition is very lengthy. So far as necessary to quote, in substance, it alleges the following facts: The South Louisiana Land Company, Limited, by a chain of title going back to the government, was the owner of a large tract of land in Terrebonne parish, described as township 22 south, range 16 east, except the sixteenth section, and section 31 of township 21 south, range 16 east. On July 7, 1908, by an act before J. G. Eustis, notary, the South Louisiana Land Company, Limited, sold 100 acres of this land to S. A. Bradford for $200 cash. The act was duly recorded in Terrebonne parish on July 9, 1908. The description of the land in this deed is as follows: "A tract of land comprising 100 acres situated on a Bayou connecting the oyster lands locally known as Hackberry Bay with Dog Lake and lying approximately midway between said Bay and Lake and to be divided as near as may be by said Bayou, said tract to be square, being bounded on the four

sides by North and South and East and West lines of equal length. As soon as actual survey has been made of this land, a more complete and definite description will be furnished by said vendors."

Bradford was a civil engineer and surveyor, and about July 14, 1908, under authority from his vendor, he surveyed and staked off 100 acres of land within the tract owned by the South Louisiana Land Company, Limited, locating it partly in section 31, township 21 south, range 16 east, and partly in section 6, township 22 south, range 16 east, marking three of the corners with cypress posts and not marking the other corner because it was in the water. Bradford made a map of this survey. It was approved by the South Louisiana Land Company, Limited, and paraphed by Eustis, notary, to identify it with the sale to Bradford.

On July 14, 1908, by an act of sale before Charles A. Bibbons, notary, Bradford sold an undivided one-fifth interest in the land to each of the following named purchasers, Mrs. R. L. Gougenheim, Frank Pierron, Albert Toerner, and Charles L. Wise, for $200 cash. This deed was duly recorded in Terrebonne parish on December 18, 1908. The description of the land in this deed is the same as that in the deed from the South Louisiana Land Company, Limited, to Bradford, except that the following is added: "The location of said land being definitely showing by the map thereof made by S. A. Bradford, the vendor, under authority from his vendor, South Louisiana Land Co., Ltd., annexed hereto and made a part of this conveyance as though inscribed herein at length."

The original map made by Bradford was attached to the act of sale and deposited with it in the office of the clerk of court (ex officio registrar of conveyances) at Houma, Terrebonne parish.

Thereafter, by an act of sale before Charles L. Wise, notary, on October 29, 1912, duly recorded in Terrebonne parish on February 11, 1913, Bradford sold an undivided one-half of his remaining one-fifth interest in the said land to the following named four persons, James F. Prohaska, William M. Cotten, Albert M. Cotten and Herbert M. Cotten, each receiving an undivided one-fortieth interest in the whole property. This conveyance referred for a description of the land to the map annexed to the sale made by Bradford before Bibbons, notary, on July 14, 1908.

S. A. Bradford died intestate on May 21, 1916, leaving his widow and five children,

who inherited his one-tenth interest in the said 100 acres of land and are plaintiffs herein. There were other transfers, by sale or inheritance, by which some of the plaintiffs claim ownership; but it is not necessary to set them out, as all of the plaintiffs deraign title through Bradford. The mineral lease to the Freeport Sulphur Company was executed by all of the other plaintiffs by acts duly recorded.

The suit is to recover title and possession of the land surveyed by Bradford as shown by his map, which was put in evidence. It is alleged that the parties to the sale from the South Louisiana Land Company, Limited, to Bradford were mistaken in describing the land conveyed as lying about half way between Hackberry Bay and Dog Lake because a widening of the bayou connecting these bodies of water was erroneously assumed to be Dog Lake. Bradford made the same mistake in surveying the land. From Bradford's map and other maps in evidence it is clear that 100 acres of land, laid out in a square, and occupying the relative position described in the original deed, would not be anywhere near the 100 acres subsequently surveyed by Bradford. While the petition alleges approval of the Bradford map by his vendor, which would be sufficient as between the parties, it is not alleged that either an act of correction or a new deed was made and recorded. There are allegations of the petition perhaps sufficient to charge the defendants with notice, but notice is not equivalent to registry in Louisiana. As to third persons an unrecorded deed is null and void. Civil Code, art. 2266. The description of the land in the deed from the South Louisiana Land Company, Limited, to Bradford is not sufficient to identify it with the land herein claimed and was of no effect as to third persons. Albert Hanson Lumber Co. v. Angelloz, 118 La. 861, 43 So. 529; Bender v. Chew, 129 La. 849, 56 So. 1023. And the recording of the Bradford map with the conveyance from him as to third persons did not operate to correct the description. Moore v. M. L. & T. R. & S. S. Co., 126 La. 840, 53 So. 22; Atchafalaya Land Co. v. Brownell-Drews Lumber Co., 130 La. 657, 58 So. 500, Ann. Cas. 1913C, 1358. We agree with the District Court that the plaintiffs have not alleged good title by deed.

However, we are dealing with exceptions of no cause or right of action. The general rule is that if the petition discloses any cause of action at all the exceptions will not lie. 49 C. J. 387 § 489 (Pleading). The rule is

considered elementary in Louisiana. Thompson v. General Acc. Fire & Assur. Corp., 155 La. 31, 98 So. 746.

Plaintiffs plead the prescription of ten years acquirendi causa under the provisions of the Louisiana Civil Code, art. 3478 et seq. To support this plea it is necessary to show a title acquired in good faith, valid in form sufficient to transfer the property, together with open, peaceful, and continuous possession as owner. It is not necessary to show that the person from whom the title was acquired had any title at all, if the one pleading prescription honestly believed he had title. Civil Code, art. 3484; Hendricks v. Wilson, 171 La. 102, 129 So. 686; Land Development Co. v. Schulz, 169 La. 1, 124 So. 125. And uninterrupted possession by various holders of the property may be joined. Civil Code, art. 3494.

We may put aside the claims of the widow and heirs of Bradford as they can derive no benefit from the sales made by him. But it was not necessary for the other plaintiffs to show the entire title in them and they may maintain a petitory action for their undivided interests. Louisiana Code of Practice, art. 45.

It is clear that the sales made by Bradford were sufficient in form to be translative of property. While Bradford's map is somewhat crude, and he was mistaken in locating the land to conform to his deed, it shows the dimensions of each side of the square he laid off in feet and the directions in which the lines run. It also shows the proximity of Hackberry Bay and the course of the Bayou running from that bay to Dog Lake, intersecting the land. The bay and the bayou are natural objects and any one could locate the tract in connection with the deeds and map of Bradford with reasonable certainty. Slight errors of Bradford in running his lines are immaterial. We conclude that the plaintiffs, other than Bradford's widow and heirs, have shown a title translative of the property sufficient to support the running of the prescription of 10 years.

As showing actual possession the petition alleges: That prior to 1916, one Steve Griffin erected a rough dwelling or camp on the 100 acres as located by Bradford and occupied it continuously from about the 15th day of August to about the 15th day of May in each year, and occasionally from time to time, the balance of the year, as his work, on the nearby oyster beds required, until his death in 1924; that after the death of Steve Griffin, his oyster beds and the said camp came into the possession of his son Colomb Griffin and thereafter they were acquired by Andre Le Blanc in the summer of 1929; that Steve Griffin, Colomb Griffin, and Andre Le Blanc occupied the dwelling under authority of petitioners or their authors in title continuously from some time prior to 1916 until the spring of 1929. The petition further alleges: That the said 100 acres of land is wild sea marsh, incapable of cultivation, and the possession of the two Griffins and Le Blanc is the utmost possession of which said land is capable; that petitioners' ownership and that of their authors in title to the 100 acres as located on the ground by Bradford has always been a matter of common knowledge in the community and has always been recognized and respected; and that they and their authors in title have paid all the taxes thereon down to date.

The allegations of the petition clearly show that Bradford honestly believed he had acquired good title to the land he surveyed. There is nothing in the petition that would tend to show that the plaintiffs were not in good faith. And under the provisions of the Louisiana Civil Code, art. 3481, applying to the prescription of ten years, good faith is presumed and the burden of proof is on him who disputes it. It is also clear that open, peaceful, and continuous possession for more than ten years is alleged. Possession once acquired is presumed to have continued. Civil Code, art. 3492. We think the allegations of the petition are sufficient prima facie to show title by prescription to an undivided nine-tenths of the property sued for in the plaintiffs, other than the widow and heirs of Bradford. The District Court was wrong in maintaining the exceptions to the petition as a whole. The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.