(49 South. 20.)

No. 17,044.

LACROIX v. VILLIO et al.

(Jan. 18, 1909. On Rehearing. April 12, 1909.)

LIBEL AND SLANDER (§ 140*)—RIGHT OF ACTION—DESTROYING EVIDENCE OF TITLE—OFFENSES AND QUASI OFFENSES.

Where a party not in actual possession, but claiming to be the owner of certain real estate, brings suit against another not in actual possession, alleging that the latter has inflicted injury upon him by destroying the recorded evidence of his title, and by causing to be inscribed in the public records a pretended and fraudulent adverse title, he has a standing in court, and, if his allegations be sustained by proof, is entitled to damages, under Civ. Code, arts. 21, 2315, though his action be not specifically classified by the Code of Practice.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 397; Dec. Dig. § 140.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Marie Cecelia Lacroix against Julius Villio and others. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

Adam Giffen Levy and Henry Lastrappes Garland, Jr., for appellants. William Winans Wall, for appellee.

PROVOSTY, J. Plaintiff alleges that the succession under her administration is "the owner and possessor" of certain real estate described in the petition, and sets out the succession's chain of title, and the due registry thereof in the conveyance office of the parish of Orleans, where the property is situated. The first link of this chain is a sale by Louis B. Rey, in 1836, by notarial act.

Plaintiff alleges that Julius Villio entered into a contract with the heirs of the said Louis B. Rey by which he undertook to recover the said property for them, and that, in order to make said property appear to belong to the succession of said Louis B. Rey, the said Villio cut out of the public records every evidence of said sale.

Plaintiff alleges, further, that the said Julius Villio, acting for himself and for the Progressive Realty Company, Limited, a corporation of which he is the president, caused to be recorded in the conveyance office of the said parish of Orleans an ex parte judgment, rendered May 6, 1902, in the succession of the same Louis B. Rey, purporting to send the heirs of the said Louis B. Rey into pos-

session of said property, and caused to be recorded in like manner two acts of sale purporting to be conveyances of said property from said heirs to Villio and from Villio to said corporation; the former dated in October, 1902, and the latter in August, 1905.

Plaintiff further alleges that the said judgment and acts of sale thus recorded cast a cloud upon, and are a slander of, the title of the plaintiff succession to said property, and that by said recordation the plaintiff succession has been damaged in the sum of $500 actual damages and $2,500 punitory damages; the actual damages having resulted from the failure of an auction sale which the succession had made of said property, which fell through owing to the aforesaid cloud upon, and slander of, the title.

The prayer of the petition is that the registry of the said judgment and acts of sale be ordered to be canceled, and that said Villio and said Progressive Realty Company, Limited, be condemned to pay petitioner $3,000 damages, with interest.

Two defenses are insisted upon in the brief: First, that the suit is one in slander of title, and that the plaintiff has not shown possession, in the sense of occupancy, and therefore cannot maintain the action; second, prescription of one year against the claim for damages.

All the allegations of the petition are proved, except as to possession and as to the $500 damages. The property is unimproved, and no one has heretofore had any other possession of it than such as follows title. The only damages proved are the expenses of the defeated auction sale, amounting to $130.92. During the several years the fraudulent title has been of record the property has been assessed to defendants and they have paid the taxes on it.

We think the suit has been properly brought. If the action of slander of title could not be brought, none could be, and the plaintiff succession would be remediless. The petitory action could not avail; for the plaintiff succession is, and has heretofore been, in possession. As holder of the title it has had the only possession any one has had. The possessory action could not avail; for the possession of the plaintiff succession, such as it has been, has not been disturbed. Villio and the defendant corporation could not disturb it by causing an ex parte order to be entered in the Succession of Rey, or by causing the property to be assessed to them and paying the taxes. Act No. 38, p. 38, of 1908, has created a special action for the case where neither party is in physical possession.

The trial court gave judgment for $1,000 damages against Villio and the defendant corporation in solido. The judgment is in a lump sum, without discrimination between actual and punitory damages. We maintain it as against Villio. As against the corporation we affirm it only in so far as we can find that it may have been rendered for actual damages. There is no occasion for inflicting punitory damages upon the corporation, for it did not participate in the acts by which the apparent title of the heirs of Rey was created; in fact, had no knowledge of them, so far as the record shows. The knowledge which its president had cannot be imputed to it, since, in making the sale to it, the president was representing himself alone. Seixas v. Citizens' Bank, 38 La. Ann. 424. It cannot be punished for the acts of Villio. It is liable only for the actual loss caused by the presence of its fraudulent title on the records.

Prescription runs only from the time the damages were sustained. Hotard v. Texas & Pac. Ry. Co., 36 La. Ann. 450; Werges v. St. Louis, C. & N. O. R. Co., 35 La. Ann. 641; Heath v. Texas & Pac. Ry. Co., 37 La. Ann. 729. They were sustained in this case when owing to the presence of the fraudulent title on the records, the auction sale was defeated; and this was less than a year before the institution of this suit.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, except that as against the corporation the amount of damages is reduced to $130.92. Defendants to pay the costs of appeal.

### On Rehearing.

MONROE, J. Counsel for defendants contend that, as the court has classified this as an action of jactitation or slander of title, plaintiff has no standing to prosecute it, because she fails to show actual possession (in herself). We are, however, confronted with a situation where a party not in actual possession, but claiming to be the owner, of certain real estate, complains that another, not in actual possession, has inflicted injury upon her by destroying the recorded evidences of her title and by causing to be inscribed in the public records a pretended and fraudulent adverse title, and, whilst her action may not fall within any of the classifications of the Code of Practice, we are quite clear that she is entitled to the relief that has been granted; and this, without reference to Act No. 38, p. 38, of 1908, since Civ. Code, art. 2315, provides that "every act of man that causes damage to another obliges him by whose fault it happened to repair it," and the Civil Code also provides (article 21) that "in all civil actions, where there is no express law, the judge is bound to proceed and decide according to equity, * * * to natural law and reason where positive law is silent."

Rehearing refused.