(52 South. 758.)

No. 18,024.

DAVIDSON v. McDONALD et al.

(May 23, 1910. Rehearing Denied June 20, 1910.)

*(Syllabus by Editorial Staff.)*

1. ACTION (§ 52*) — MISJOINDER — PETITORY AND POSSESSORY ACTIONS.

A petition alleging ownership and possession of land, and seeking to quiet title and to have plaintiff recognized as possessor, is bad as a joinder of petitory and possessory actions, forbidden by Code Prac. art. 55.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 548; Dec. Dig. § 52.*]

2. QUIETING TITLE (§ 12*)—POSSESSION—EFFECT OF STATUTE.

Act No. 38 of 1908 providing for the establishment of title to land where none of the parties are in possession, section 2 of which provides that the act shall not alter the Code of Practice, establishes a mode of determining title where neither party is in possession, in which case suit cannot be brought under the Code of Practice, and, hence, a suit in which plaintiff alleges possession is subject to the Code of Practice and not to such act.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 8–12; Dec. Dig. § 12.*]

3. QUIETING TITLE (§ 1*)—METHODS.

The actions provided for by the Code of Practice and by Act No. 38 of 1908 afford ample remedy for the trial of rights to the ownership or possession of land under any circumstances.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Action by Mrs. Josephine H. Davidson against Thomas C. McDonald and others. From a judgment dismissing the action, plaintiff appeals. Affirmed.

W. S. Rownd and Clay Elliott, for appellant. R. C. & S. Reid, for appellees.

PROVOSTY, J. Plaintiff alleges that she is the owner and possessor of a certain tract of land described in her petition. She then sets forth her entire chain of titles. Then follows this allegation, to wit:

"That she has had the peaceable, public, unequivocable, continuous and uninterrupted possession of said land as owner under her title from said Jackson since the execution of same by him, and she joins ownership and possession to that of her said authors; that nobody has ever denied her ownership and possession of said land until recently, and within the year last past one Thomas C. McDonald has set up a title in opposition to hers."

Plaintiff then attacks, as a nullity, McDonald's title, alleging that the same is fictitious to the knowledge of McDonald; and that the same is a slander of her title, and has damaged her to the amount of $300. She closes her petition with the following prayer:

"Wherefore, she prays that Thomas C. McDonald be cited according to law to appear and answer this demand, and, after due proceedings had, there be judgment in favor of your petitioner and against Thomas C. McDonald, recognizing your petitioner as the owner and possessor of said land under her chain of title from Allen R. Jackson and from the state of Louisiana, as above set forth, decreeing that the title to the said land set up by Thomas C. McDonald is null and void for the reasons above stated, and ordering that said title be destroyed, and the registry of the same be canceled and erased from the conveyance records."

Defendant excepted that plaintiff's petition contained a cumulation of inconsistent ac-

tions, namely, the petitory, the possessory, and the action in slander of title; and that she should be made to elect. The court ordered plaintiff to elect; and on her refusal to do so, dismissed her suit as of nonsuit.

Plaintiff's allegation and prayer of ownership would characterize her suit as petitory. Her allegation of possession and prayer to be recognized as possessor would characterize her suit as possessory. Her allegation of ownership and possession, coupled with the allegations of slander and damages, and the prayer for the cancellation of the title of defendant, characterize her suit as in slander of title.

Such a cumulation of the petitory and possessory is expressly forbidden by article 55, Code Prac.

It would be unsafe for defendant to treat plaintiff's action as an action of slander of title. For, should he merely deny plaintiff's possession, and not set up his own title, she, under the allegations of her petition, could claim that her action was petitory, and he would have to go to trial as defendant in a petitory action without having pleaded his own title. If, on the other hand, he should admit the slander, and set up title himself, he would become plaintiff in a petitory action, and thereby be deprived of the advantage resulting from his being in possession. If he should deny the slander, he would be repudiating his own title.

Plaintiff next contends in her brief that this suit is brought under Act No. 38 of 1908, entitled, "An act to establish title to real estate where none of the parties are in possession." This act was passed with the view of establishing a mode of determining title where the facts did not allow of a suit being brought under the articles of the Code of Practice; that is to say, where neither party is in possession. Section 2 expressly provides that the act "shall in no wise be construed to alter, change, or repeal the rules" of the Code of Practice. Plaintiff, by alleging possession, placed her suit outside of the provision of this act; and made it subject to the formalities provided for in the Code of Practice.

Plaintiff's contention that owing to the peculiar circumstances of the case the suit is sui generis cannot be listened to one single minute. The known actions provided for by the Code and by the act of 1908 afford ample remedy for the trial of rights to the ownership or possession of real estate under any and all circumstances.

Judgment affirmed.