**AUCOIN v. MARCELL.**

**No. 2121.**

Court of Appeal of Louisiana. First Circuit.

May 8, 1940.

Emmet Alpha, of New Orleans, for appellant.

Leonard C. Wise, of Morgan City, for appellee.

OTT, Judge.

The plaintiff alleges that he is the owner and in the actual, physical possession of a triangular shaped piece of land west of Bayou Boeuf and lying along and immediately north of the Old Spanish Trail Highway; that he acquired said land from Napoleon Young, et al, by a duly recorded title May, 1938; that the defendant claims title to and ownership of part of said tract of land and has gone upon said property

and constructed two buildings thereon, one a small residence and the other a building which was to have been used for a post office, but which defendant later removed from the land; that said houses were constructed within the past three months by defendant who had no previous possession of said land, and that no legal possession has ever been established upon the said land by the defendant, or any of his authors.

Plaintiff further alleges that whatever paper title the defendant may hold to said property is null and void, and is a mere fraudulent pretense of title and is intended to slander plaintiff's title; that the continuance of one of said houses on said property is a continuing slander of his title; that defendant constructed said houses on said land maliciously, well knowing that he had no title to said property, and having been warned that he had no title to said property before constructing said houses. Plaintiff claims damages in the sum of $300 and asks for judgment declaring the defendant to be a slanderer of his title, and declaring said defendant not to be the owner of said land and cancelling any title he may adduce to the property.

The defendant filed an exception alleging that plaintiff was not at the time of filing the suit, and had never been, in the possession of said land and therefore could not maintain an action of slander of title. Evidence was heard on this exception of want of possession in the plaintiff, and the exception was sustained and the suit dismissed. Plaintiff has appealed.

While the plaintiff alleged that he was in the actual and physical possession of the land, yet we do not understand that he now claims that the evidence shows that he was in possession of the land when the suit was filed, or that he has ever been in the actual possession of the land since he acquired title thereto, or that his authors in title had actual and physical possession of the land. We understand that the plaintiff is now pitching his right to maintain the jactitation suit on the ground that neither he nor the defendant has possession of the land and the defendant has no right under these circumstances to question his lack of possession.

The record shows that the defendant obtained a title to the strip of land in question from Gathright and Walsh in December, 1937, and in January following he took possession of this strip of land and began the erection of these two houses thereon. After these two buildings were completed, one of them was occupied for a short time as a postoffice but this building was later moved across the highway onto other lands. The residence remained on the land and is occupied by a tenant from whom the defendant collects rent. It appears that the defendant was informed before he built the houses on the land that it did not belong to him, but at the time that he obtained the title to the land, it was not in the possession of any one. In fact, no other person has ever had possession of the land other than these acts of possession on the part of defendant, so far as the record shows.

The plaintiff obtained a title to the disputed strip of land, along with other lands, in May, 1938, from Napoleon Young, et al. When he obtained this title, the defendant had already taken possession of the land four or five months previously under his title and had erected the houses on the land before plaintiff obtained his title. The only act of possession ever claimed by the plaintiff was cutting some grass on a part of the land. As already stated, plaintiff does not now claim that he has possession of the land, but contends that whatever possession the defendant has is no possession in law as it had not continued for a year when the suit was filed in June, 1938.

At an early date the courts of this State assimilated the action of slander of title or jactitation to the possessory action, requiring the plaintiff to allege and prove possession of the land. It was declared to be the object of a jactitation suit to protect possession and give it the same advantages when disturbed by slander as by actual intrusion; to force the defamer to bring suit and throw the burden on him of proving what he claims and asserts. Livingston v. Heerman, 9 Mart., ('S., 656, pages 713, 716; Dalton v. Wickliffe. 35 La. Ann. 355; Matthews v. Slattery, 126 La. 120, 52 So. 238; Young v. Town of Morgan City, 129 La. 339, 56 So. 303.

It is interesting to note the reasons given for requiring the plaintiff in this form of action to allege and prove his possession of the property. We quote a very pertinent and forceful reason for the rule given in the case of Patterson et al. v. Landru et al., 112 La. 1069, 36 So. 857, 858, as follows: "The action of slander of title is not one of the actions provided for in the

Code. It is the child of necessity. Without it the owner in possession would be helpless against the slanders of his title. Being in possession, he could not bring the petitory action; and, his possession being undisturbed, he could not bring the possessory action. But this child of necessity cannot be recognized beyond the necessity that has given it birth. Hence, if plaintiffs are out of possession, they must bring the petitory action. Otherwise, after they should have vindicated their title in the present suit, they would have to bring another to recover possession, and thus vex the courts and burden defendant with a multiplicity of suits, which is a thing the law abhors and will not tolerate."

The rule requiring the plaintiff to allege and prove possession in an action of jactitation has been somewhat modified to meet the necessity of the situation where neither the plaintiff nor the defendant is in possession of the property but where the object of the suit is to have cancelled from the records some cloud on plaintiff's title by reason of placing on the records by the defendant of an incription that operates as a slander of plaintiff's title, and where damages are sought against the defendant because of his malicious act in thus injuring and slandering plaintiff's title. Lacroix v. Villio et al., 123 La. 459, 49 So. 20; Atchafalaya Land Co., Ltd. v. Brownell-Drews Lumber Co., Ltd., 130 La. 657, 58 So. 500, Ann.Cas.1913C, 358; Frost-Johnson Lumber Company v. Salling's Heirs et al., 150 La. 756, 91 So. 207; Exchange Nat. Bank v. Head et al., 155 La. 309, 99 So. 272; Bodcaw Lumber Co. of Louisiana, Inc. v. Kendall, 161 La. 337, 108 So. 664.

It will be noted that the statement is made in some of the above cases that actions of the kind presented in those cases were not pure actions of jactitation where the defendant is asked to institute the petitory action against the plaintiff in possession, and, of course, where the plaintiff is out of possession he cannot require the defendant to bring a petitory action against him.

 Whatever may be the effect of the cited cases on the general rule requiring that the plaintiff in an action of slander of title allege and prove possession in himself, it is clear that the plaintiff in this case can derive no comfort from these cases for two reasons: (1) because the defendant not only was in possession of the property when the suit was filed but had been in possession of the property for four or five months before the plaintiff ever acquired a title thereto, neither the plaintiff nor his alleged authors in title ever having had possession of the property; and (2) the very act on which plaintiff bases his claim to a slander of his title is the fact that the defendant built these two houses on the land (before plaintiff ever acquired a title) and permits one of these houses to remain on the land as a continuing disturbance of his possession and as a slander of his ownership of the land. He does not claim that defendant slanders his title by recording a deed or other claim to the land on the public records; the slander of which he complains consists of a malicious taking possession of the property under a pretense of ownership.

Unquestionably, if the plaintiff had shown that he and his authors in title had been in possession of the property for more than a year prior to the time that the defendant took possession of the property, he could have maintained his action even though the effect of the taking of possession by defendant within the year was to oust the plaintiff of his possession. Wetherbee v. Railroad Lands Company, Limited, et al., 153 La. 1059, 97 So. 40; Haas et al. v. Kenney, La.App., 174 So. 118. The plaintiff takes the position that unless the defendant's possession had continued for a year, he cannot be said to be in possession. We cannot agree with that contention. Certainly, in a possessory action the possession and disturbance on the part of the defendant would not have to continue for a year before the plaintiff could bring his action to have his possession protected. Likewise, where the slander of the plaintiff's title arises from acts of possession and disturbance on the part of defendant, the plaintiff can bring his action any time after such slander begins to force the defendant to cease the slander by desisting from the disturbance.

Suppose the plaintiff should succeed in his suit and get the relief for which he prays—that is, declaring defendant to be a slanderer of his title, declaring him not to be the owner of the property and cancelling any title that defendant might adduce—still the plaintiff would have to bring a petitory action to get possession of the property from the defendant. This would result in another suit and bring about a

situation that the rule requiring possession on the part of the plaintiff in this kind of an action seeks to avoid as stated in the case from which we have quoted.

It would be a novel situation indeed if one out of possession who obtained title to a piece of property of which another has the possession were permitted to bring an action of slander of title against the possessor. The result would be to substitute an action of jactitation for a petitory action, thus shifting the burden of proving his title from the plaintiff in a petitory action to the defendant in a jactitation suit who sets up a title in himself by way of defense. We cannot believe that the law contemplates such an absurd situation.

Reference is made to the case of Brashears et al. v. Chandler, 183 So. 546, recently decided by this court. We held in that case that the plaintiffs had shown possession of the tracts of land for more than a year from the slander of their title by defendant who took possession of part of the land within the year and claimed the land by virtue of a recorded deed. We correctly held that it was necessary for plaintiffs to prove their possession inasmuch as the slander to their title was coupled with an actual intrusion and disturbance of their possession by the defendant.

In order to make our position clear on the question here involved we deem it proper to refer to our recent decision in the case of Ledet v. Ledet, 192 So. 551, where we held that the same kind of possession must be alleged and proved to sustain an action of slander of title as is necessary to support a possessory action. In that case the defendant set up a part ownership in plaintiff's land and advised plaintiff's tenant not to clear and cut timber on the land as the plaintiff's title was not good. While the defendant did not take possession of the land, the prayer of the petition was that the defendant be ordered to establish his pretenses of ownership, and in default of his doing so, that he be enjoined from disturbing the plaintiff in his possession of the land. As the basis of the suit in that case was to order the defendant to desist from interfering with plaintiff's possession and ownership of the land, we held that it was necessary for the plaintiff to allege the same kind of possession that is required in a possessory action. We think that ruling is correct.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant in both courts.