YARRUT, Judge.
Plaintiffs appeal from a judgment maintaining Defendants’ pleas of no cause or right of action, and non-joinder of the State of Louisiana, an alleged indispensable party; contending, alternatively, that if the State be held an indispensable party, the case should be remanded to permit the State being made a party.
Plaintiffs allege they are co-owners of certain mineral lands in Plaquemines Parish, which Defendant, State Mineral Board, has leased to the other Defendants, who, as lessees, have been and are presently removing minerals therefrom; that the recordation of these leases casts a cloud on their title, against which they ask for the following relief:
“That under the laws of the State of Louisiana your petitioners are entitled to have the title to their respective interests in the properties described in Article 2 recognized and decreed valid, and to be decreed to be the owners thereof free of any claim thereto by any and all of the defendants herein under and by virtue of the oil, gas and mineral lease particularly described in Article 9 above, and the said lease should be cancelled and erased from the public records of the State of Louisiana insofar as the same purports to cover and affect the properties particularly described in Article 2 above.”
In a companion suit (No. 635 of the docket of this Court, entitled Walmsley et al. v. Gilmore et al., 144 So.2d 625), referred to by Plaintiffs in this suit, Plaintiffs allege:
“That under the laws of the State of Louisiana your petitioners are entitled to have the title to their respective interests in the property described in Article 2 recognized and decreed valid, and to be decreed to be the owners thereof free of any claim thereto by any and all of the defendants herein, and, in order to terminate the controversy as to ownership of said property, it should be decreed that the defendants herein have no interest in the property by virtue of instruments of record more particularly referred to herein-above, rejecting any claim that said parties may make to the property described in Article 2 hereof.”
Plaintiffs contend this suit is not a petitory action, but one to remove a cloud on their title, to-wit, the cancellation of the leases on the public records. In Realty Operators v. State Mineral Board, 202 La. 398, 12 So.2d 198, the court stated that allegations that plaintiff was owner of land under title deraigned from patents issued by the State, and that the State Mineral Board had slandered its title by advertising' for bids to lease such lands, was an action in jactitation or slander of title, but, as *629 defendant in its answer claimed title was vested in the State, it had converted plaintiff’s suit into a petitory action. Instead of Defendants here converting Plaintiffs’ suit into a petitory action, Plaintiffs, by their own allegations and demand for relief, have themselves done so. Hence, this suit is a petitory action, since Plaintiffs claim title to the mineral lands leased by the Mineral Board as agent of the State.
LSA-C.C.P. Arts. 3651 and 3652 define the petitory action and the manner it may be brought, viz.:

Art. 3651

“The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff’s ownership.”

Art. 3652

“A petitory action may be brought by a person who claims the ownership of only an undivided interest in the immovable property or real right, or whose asserted ownership is limited to a certain period which has not yet expired, or which may be terminated by an event which has not yet occurred.
“A lessee or other person who occupies the immovable property or enjoys the real right under an agreement with the person who claims the ownership thereof adversely to the plaintiff may be joined in the action as a defendant.
“A petitory action shall be brought in the venue provided by Article 80(1), even when the plaintiff prays for judgment for the fruits and revenues of the property, or for damages.”
Plaintiffs contend the State Mineral Board is fully authorized to represent the State in this petitory action.
LSA-R.S. 30:121-30:132 creates the Mineral Board as a corporate entity, with the right to sue and be sued, to represent the State in the leasing and policing of its mineral lands.
The Mineral Board is a proper Defendant in an action involving its authority to lease, and the right of lessees under such leases. In Texas Co. v. State Mineral Board, 216 La. 742, 44 So.2d 841, the Texas Co. demanded recognition of certain rights under its mineral lease. The court refused to maintain a plea to its jurisdiction and an exception of no cause of action, because the State had not been joined. The State’s title was not at issue. The issue was solely between the Mineral Board and its lessee, concerning the rights of the lessee under the lease. The court held that, while a sovereign may not be sued without its consent, such doctrine is inapplicable where the legislature has designated an agency to administer state property with power to sue and be sued; that, in such case the Mineral Board represents the State. However, in this case the State’s title to the mineral lauds is at issue, not merely the rights of the parties under the lease inter sese.
The authority for making the State a party in connection with mineral leases without its expressed waiver, was established in Begnaud v. Grubb & Plawkins, 209 La. 826, 25 So.2d 606.
However, this holding was overruled in the case of Cobb v. Louisiana Board of Institutions, 229 La. 1, 85 So.2d 10, wherein the court held that the State may not be sued without its consent, and that there are no exceptions to this rule, whether the State acts in its governmental or proprietary capacity.
The State may or may not be an indispensable or necessary party under LSA-C.C.P. Art. 641, reading:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the *630 judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein;”
or LSA-C.C.P. Art. 642, anent necessary parties, which reads:
“Necessary parties to an action are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy.
“An adjudication of an action may be made even if all necessary parties are not joined therein, but when timely objection is made to the nonjoinder of a necessary party the court shall require his joinder if he is subject to its jurisdiction.”
 However, only the State, through its proper officer, has the right to raise the question of its immunity from suit. Until the State is sought to be made a party directly by Plaintiffs, or by Defendants in a third-party action, or through intervention by the Attorney General, the question of the State’s immunity from suit is premature and not before the Court.
While the Attorney General is counsel of record herein for the Mineral Board (under LSA-R.S. 30:132) he is authorized by the Constitution and statute to intervene in any civil or criminal matter he deems necessary for the protection of the rights and interests of the State. LSA-Const. Art. 7, § 56; LSA-R.S. 15:23.
For the reasons assigned, the judgment of the district court dismissing Plaintiffs’ suit on Defendants’ exceptions of no right or cause of action and failure to make the State a party, is annulled and set aside, and the case remanded to the district court to allow either Plaintiffs or Defendants to make the State a party, as Defendant in the main demand, or as third-party Defendant in a third-party action, under LSA-C.C.P. Arts. 1111 to 1116; and to permit the Attorney General, if he so desires, to intervene in behalf of the State; the case thereafter to be proceeded with according to law; costs as may be legally assessed, to await the final determination of the suit.
Judgment annulled and set aside, case remanded, with instructions.