mine relator's application for a rehearing in this case.

HAMITER, Justice (dissenting)

For the written reasons which I assigned in Number 46,515 of the docket of this court, entitled Jefferson v. Jefferson et al., 153 So.2d 368, I respectfully dissent.

153 So.2d 375

Hughes P. **WALMSLEY**, Receiver of Gulf and Bayou Cook Oyster Company, Limited, in Receivership, et al.

v.

PAN AMERICAN PETROLEUM COR-PORATION et al.

No. 46393.

April 29, 1963.

Rehearing Denied June 4, 1963.

Blanchard, Goldstein, Walker & O'Quin, Clyde W. Thurmon, Shreveport, for plaintiffs-applicants.

Melvin Evans, Charles B. Jarrett, New Orleans, for Gulf Oil Corp.

Breazeale, Sachse & Wilson, Victor A. Sachse, Victor A. Sachse, III, Baton Rouge, for Tidewater Oil Co.

SUMMERS, Justice.

Plaintiffs, Hughes P. Walmsley, the duly appointed, qualified and acting Receiver of Gulf & Bayou Cook Oyster Company, Ltd., a Louisiana corporation, in Receivership; Rudolph J. Schultz, Jr., Clyde W. Thurmon, James M. Barnett and Horace Gary Small, residents of Louisiana, instituted this suit, which they characterize as one to remove a cloud from title or an action to quiet title. They seek to have an oil, gas and mineral lease, executed by the State Mineral Board of the State of Louisiana, decreed null, void and cancelled insofar as it affects certain properties in Plaquemines Parish.

The defendants are the State Mineral Board, as lessor, and the present lessees under the questioned lease, the Tidewater Oil Company, Gulf Oil Corporation and Pan American Petroleum Corporation. The State Mineral Board, Tidewater Oil Company and Gulf Oil Corporation filed an exception of non-joinder of an indispensable party and an exception of no cause or right of action. In particularizing their exceptions they set forth that the State of Louisiana, and not the State Mineral Board, has title to the lands leased; that the suit for cancellation of the lease will necessarily involve a determination of the title to the lands affected and, therefore, the State of Louisiana is an indispensable party under Article 641 of the LSA–Code of Civil Procedure.

The trial court maintained the exceptions and dismissed plaintiffs' suit. The court of appeal annulled and set aside that judgment and remanded the case to the district court to allow either plaintiffs or defendants to make the State a party as defendant in the main demand, or as third-party defendant in a third-party action un-

der LSA–Code of Civil Procedure Articles 1111 to 1116; and to permit the attorney general, if he so desires, to intervene in behalf of the State; the case thereafter to be proceeded with according to law. 144 So.2d 627 (1963). On plaintiffs' application we granted writs to review that judgment.

In their petition plaintiffs set forth that they are the owners of an undivided 2462/2770 interest of stated proportions in the following described property:

West Half (W½) of Section Forty (40), Township Twenty (20) South, Range Twenty-eight (28) East, situated in the Parish of Plaquemines, State of Louisiana, according to the Official Plat of Survey of said lands.

The petition sets forth in detail plaintiffs' recorded chain of title to these lands, which is based upon a patent dated February 13, 1878, granted by the State of Louisiana to Alesandre Travirani. It is shown that the State Mineral Board purporting to act on behalf of the State of Louisiana, executed the oil, gas and mineral lease in question on July 26, 1956, and the lease is now owned by defendants, Tidewater, Gulf and Pan Am as lessees. The property affected by the lease includes the whole of the property above described, and therefore includes the interest therein which is owned by plaintiffs.

The primary term of the lease is alleged to have expired on July 26, 1959, but there is no release of record. Defendants are claiming that the lease is being maintained by production of oil, gas and other minerals and defendants refuse to cancel this recorded lease.

Plaintiffs then show that, since they are the owners of the designated undivided interest, the State Mineral Board did not have authority to execute the lease affecting their interest; and Tidewater, Gulf and Pan Am have no right to claim the lease is valid. The recorded lease, it is alleged, casts upon plaintiffs' title a cloud which they are entitled to have removed by an order cancelling the lease from the public records insofar as it purports to affect their interest; and to that end they are entitled to have their interests decreed valid and to be decreed owners thereof free of any claim thereto by defendants arising from the lease of July 26, 1959.

The prayer of the petition then asks for judgment decreeing the lease "to be null, void and of no effect and cancelled and annulled" and "decreeing defendants * * * have no interest in and to said properties by virtue of said lease."

The defendants, in support of their exception of non-joinder of an indispensable party, argue that, although plaintiffs characterize their action as one to remove cloud from title, that action is not available to them. This is so, they say, because plaintiffs' petition shows that defendants are in corporeal

possession of the property and the action to remove cloud from title is available only against a defendant who is not in possession. They also contend that plaintiffs' petition reflects that they are claiming title. What plaintiff has in reality alleged, they contend, is a petitory action inasmuch as plaintiffs claim title against a defendant who is in possession. Therefore, because plaintiffs' suit is a petitory action, the title to the lands in question is at issue. The State Mineral Board, being merely an agent of the State, cannot stand in judgment when the State's title to the lands is assailed.

■ The issue presented is whether the State is an indispensable party. The State is an indispensable party if this is a petitory action as defendants contend. The State is not an indispensable party if this is an action to remove a cloud from title as plaintiffs contend.

Thus it is noted that the defendants rely primarily upon two allegations in plaintiffs' petition to bring plaintiffs' action within the definition of a petitory action. One is plaintiffs' allegation that they claim ownership, and the other is the allegation which defendants say is, in effect, an allegation that defendants are in possession of the property.

The LSA–Code of Civil Procedure defines the petitory action as follows:

"Art. 3651. The petitory action is one brought by *a person who claims the ownership*, but who is not in possession, of immovable property or of a real right, *against another who is in possession* or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." (Emphasis supplied.)

The defendants assert that plaintiffs here have alleged that they are *persons who claim ownership* and that plaintiffs have alleged that defendants are parties. *who are in possession* within the contemplation of Article 3651, supra, and, in so doing, plaintiffs have thereby classified their action as a petitory action.

In support of the contention that plaintiffs have alleged that this action is "brought by a person who claims ownership, but who is not in possession", defendants refer to paragraph 15 of the petition, wherein it is alleged "That under the laws of the State of Louisiana your petitioners are entitled to have the title to their respective interest in the properties described in Article 2 recognized and decreed valid, and to be declared the owners thereof free of any claim thereto by any and all of the defendants herein under and by virtue of the oil, gas and mineral lease * * * (which is sought to be cancelled) and the said lease should be cancelled and erased from the public records of the State of Louisiana insofar as same purports to

cover and affect the properties particularly described in Article 2 above." (Parentheses by the court.) Article 2 sets forth "That petitioners are the owners of" the property heretofore described as the West Half of Section Forty, Township Twenty South, Range Twenty-eight East, etc.

Reference to paragraph 15, without referring to the preceding paragraphs which set forth the facts of plaintiffs' ownership and the fact of defendants' execution and filing of the offending lease, does not disclose the true meaning of that allegation. A reasonable construction of the allegation in paragraph 15, read in connection with the preceding paragraphs, indicates that it is no more than a statement that plaintiffs, as the owners of the property under the chain of title set forth, are entitled as a matter of law to have the instrument executed by defendants cancelled from the records as constituting a cloud on and slander of plaintiffs' title. It is necessary in connection with plaintiffs' action to remove a cloud from title that they allege a basis for such a demand. Here they have alleged their perfect record ownership and that allegation is made merely to serve as a basis for their right to have the cloud removed from their title. Rudd v. Land Co., 188 La. 490, 177 So. 583 (1937).

More important in determining the character of the action to which plaintiffs have resorted is the prayer of the petition. Gar-nier v. Louisiana Milk Commission, 200 La. 594, 8 So.2d 611 (1942). The pertinent portions of the prayer are quoted above. The language thereof seeks judgment decreeing the lease to be null, void and of no effect and prays that it be cancelled and annulled and for a decree that defendants have no interest in said property by virtue of the lease. Nowhere in the prayer are plaintiffs asking that they be decreed the owners. This prayer does not ultimately put the title of anyone at issue. The allegations of plaintiffs' ownership is only collateral to the main demand which is to remove a cloud on plaintiffs' record title and plaintiffs' record title, if established, will entitle them to have this cloud removed.

Next is defendants' contention that it has been alleged that defendants are in possession and thereby plaintiffs have brought their action within the definition of a petitory action. Defendants observe that plaintiffs do not allege that they (plaintiffs) are in possession or that they are not in possession, or, in so many words, that defendants are in possession. However, it is asserted that plaintiffs do allege certain facts which clearly show that defendants are in possession. The allegations relied upon in this connection are paragraphs 13 and 16 of the petition.

Paragraph 13 alleges that the primary term of the lease expired on July 26, 1959, but there is no release of record, and "de-

fendants herein are claiming and asserting that the lease is being maintained in full force and effect by production of oil, gas and other minerals from the properties covered by said lease including the properties owned by petitioners * * * ." According to defendants this language means that defendants are in actual possession, for a lease can only be maintained in effect after the primary term by production. If it is maintained by production as plaintiffs allege, defendants must be in actual corporeal possession of the land.

In paragraph 16 plaintiffs reserve " * * all rights to recover for any oil, gas or other minerals which may have been removed from said property by any and all defendants * * * ." This allegation, defendants say, means that defendants have removed oil, gas or other minerals, and this they could not do without possessing the property.

We do not consider defendants' construction of the language of these allegations to be reasonable or correct. The allegations more properly relate to the claim that the lease constitutes a cloud on plaintiffs' title, and in paragraph 13 the reason is given why that cloud exists; it is

because the defendants "claim" the lease is being held in effect by production.

Paragraph 16 sets forth a reservation for a claim for production that "may" have been removed. This means nothing, for it neither alleges that oil, gas or other minerals were or were not removed. And, as defendants properly observed, nowhere is it alleged that defendants are in possession by use of the word "possession." This makes it difficult to construe the petition to mean plaintiffs intended to allege that defendants were in possession within the contemplation of Article 3651 of the LSA–Code of Civil Procedure. We do not construe the allegations of plaintiffs' petition to mean that he has alleged a petitory action.

■ Nevertheless, conceding arguendo that plaintiffs have alleged that defendants are in possession, we do not feel that the action to remove cloud from title is foreclosed for failure to allege possession in plaintiff[1] or because of an allegation of possession in defendant.[2] What is important is that plaintiffs have not, according to the prayer of the petitioner, sought a judgment "recognizing their ownership" as they must do for their action to be characterized as a petitory action under

1. Parish of Jefferson v. Texas Co., 192 La. 934, 189 So. 580 (1939); Bodcaw Lumber Co. of Louisiana v. Kendall, 161 La. 337, 108 So. 664 (1926); Exchange National Bank of Shreveport v. Head, 155

La. 309, 99 So. 272 (1924); 25 Tul.L. Rev. 181, 188 (1947).
2. Daigle v. Pan American Prod. Co., 236 La. 578, 108 So.2d 516 (1958); 35 Tul. L.Rev. 895, 898.

Article 3651 of the LSA–Code of Civil Procedure. Plaintiffs, therefore have not alleged a petitory action.

Although the action to remove cloud from title has long been recognized in our jurisprudence, and although its abolition had been recommended by some [3], the legislature in enacting the Code of Civil Procedure has seen fit to leave that action free from change. In the introduction to Title II, Real Actions, it is stated that:

"No attempt has been made to include in this Title certain of the fringe actions which bear some resemblance to the real actions, such as the action of trespass, the action to remove a cloud from title, and the action of specific performance."

■■ For the purpose of this exception, and in order to determine whether an action to remove cloud from title has been alleged, we take the allegations of plaintiffs' petition to be true, and that petition tenders neither title nor possession as an issue; for, according to the petition, defendants have no title or semblance of title. Plaintiffs' suit, therefore, does not have as its object that plaintiffs be declared owners. The petition alleges that defendant State Mineral Board has granted a lease to the defendant lessees on plaintiffs' property without any right to do so.

They have no right to do so because plaintiffs have alleged a perfect record title in themselves. LaCroix v. Villio, 123 La. 459, 49 So. 20 (1909). And it is this invalid lease that plaintiffs want expugned from the records. The judgment sought by plaintiffs will not settle all questions of title between plaintiffs and those who may later claim title to the lands described in the lease. The suit is directed against what is claimed to be a recorded invalid lease which constitutes a cloud against plaintiffs' record title; and the validity of that lease alone is at issue; neither the title nor possession of this land is put at issue by this petition. Worthman, Civil Procedure in Louisiana, Vol. 1, p. 78 (1916). Although plaintiffs are required to prove their recorded title to the property it will only be incidental to their right to have the offending lease cancelled, and there will be no adjudication of ownership as between plaintiffs and defendants, which would be the case if this were a petitory action.

In Daigle v. Pan American Production Co., 236 La. 578, 108 So.2d 516 (1958), a suit by the owner of a tract of land against the State Mineral Board and its lessees to have cancelled from the records an oil, gas and mineral lease on the grounds that it constituted a cloud on plaintiffs' title, the court, holding that the action was

3. Zengle, The Real Actions, A Study in Code Revision, 29 Tul.L.Rev. 617, 634, Note 59.

proper, defined the action here involved as follows:

"The action to quiet title is clearly one to remove a cloud therefrom. It is neither petitory nor possessory, nor is is one in jactitation nor one to try title under Act 38 of 1908 (LSA–R.S. 13:-5062). Having no codal or statutory background, it is an innovation of our jurisprudence. In an action to remove a cloud (contended by plaintiffs to be the primary issue here) possession is not necessary in either plaintiff or defendant. A plaintiff may sue for the cancellation of a recorded deed, mineral lease or other recorded instrument which allegedly operates as a cloud on his title, and the issue of title may be determined as incidental to plaintiff's right to have the alleged cloud removed. In such an instance the relief sought is not that the defendant be ordered to disclaim title or make good the asserted title—the peculiar characteristic of an action in jactitation—but the cancellation and erasure from the public records of a recorded instrument operating as a cloud on plaintiff's title. Exchange National Bank of Shreveport v. Head, 155 La. 309, 99 So. 272; Bodcaw Lumber Co. v. Kendall, 161 La. 337, 108 So. 664; Parish of Jefferson v. Texas Co., 192 La. 934, 189 So. 580; Authemont v. Weill, 197 La. 585, 2 So.2d 31; Stricker Land and

Timber Co. v. Hogue, D.C., 61 F.Supp. 825; 29 Tulane Law Review, 617, 634, Note 59."

Thus we hold that the petition properly alleges an action to remove cloud from title; it does not allege a petitory action and the State of Louisiana is not an indispensable party. Accordingly, the exception of nonjoinder of an indispensable party and no cause or right of action are overruled; and this case is remanded to the trial court for further proceedings according to law and consistent with the views expressed herein.

SANDERS, Justice (dissenting).

I am unable to subscribe to the majority opinion. As I view the decision, it broadens the action to remove a cloud from title so as to embrace situations in which the defendant is in possession. Such an enlargement of the action is contrary to prior jurisprudence. See Lacroix v. Villio, 123 La. 459, 49 So. 20; Atchafalaya Land Co. v. Brownell-Drews Lumber Co., 130 La. 657, 58 So. 500; Exchange National Bank of Shreveport v. Head, 155 La. 309, 99 So. 272; Bodcaw Lumber Co. v. Kendall, 161 La. 337, 108 So. 664; Amrheim v. Champion, 9 Orleans App. 246; and Aucoin v. Marcell, La.App., 195 So. 807.

The function of this action was clearly defined in Exchange National Bank of

Shreveport v. Head, supra, wherein this Court stated:

"But even where the plaintiff, claiming ownership, is not in actual possession of the property, he may yet have his action *against a party out of possession* for the cancellation of a recorded deed and to remove a cloud on his title." (Italics mine.)

This definition was reiterated in Bodcaw Lumber Co. v. Kendall, supra:

"In Exchange National Bank v. Head, 155 La. [309] 310, 99 So. 272, we held that even where the plaintiff, claiming ownership, is not in actual possession of the property, he may yet have his action *against a party out of possession* for the cancellation of a recorded deed and to remove a cloud on his title." (Italics mine.)

I do not construe Daigle v. Pan American Production Company, 236 La. 578, 108 So.2d 516, relied upon by the majority, to conflict with the foregoing jurisprudence. In that case, the petition alleged that neither the plaintiff nor the defendants were in possession. Moreover, the action to remove a cloud from the title was decreed moot.

In my opinion, an extension of the scope of this action by the Court is unwarranted. Historically, the action is a creature of the jurisprudence. An equitable remedy, it was designed to operate in a sphere where rem-

edies at law are inadequate. Lacroix v. Villio, supra; Amrheim v. Champion, supra. A second, and perhaps stronger, reason militating against such an extension is that in the adoption of the Code of Civil Procedure the available real actions have been simplified and liberalized. See Arts. 3651-3751, LSA-C.C.P. The Court should not lend its sanction to a usurpation of the function of these carefully devised remedies by a non-statutory action. See Davidson v. McDonald, 126 La. 539, 542, 52 So. 758, 759.

As I view it, the petition discloses that plaintiffs are asserting ownership against defendants in possession. It fits precisely the definition of a petitory action. Art. 3651, LSA-C.C.P. The state is an indispensable party. Assuming, however, that the allegations of the petition relating to possession are equivocal, then the case should be remanded for the reception of evidence on the issue of possession as a basis for the disposition of the exceptions. Art. 930, LSA-C.C.P.

For the reasons assigned, I respectfully dissent.

HAWTHORNE, Justice (dissenting).

Plaintiffs, alleging that a lease executed by the State Mineral Board constitutes a cloud on their title to land covered by the lease, seek to have the lease decreed null, void, and of no effect and ordered cancelled from the records of Plaquemines Parish,

Louisiana, insofar as it purports to cover and affect property claimed by them. Named as defendants are the State Mineral Board and the State's mineral lessees. The State has not been made a party to this suit, and the question of whether it is an indispensable party depends here upon the nature of the action.

Plaintiffs have characterized the suit as one to remove cloud from title. It is my view, however, that plaintiffs have instituted a petitory action. In Foscue v. Mitchell, 190 La. 758, 182 So. 740, this court said:

"In determining whether a suit is a jactitation suit or a petitory action, the averments of the petition and answer must be construed in connection with their respective prayers, which fix the character of plaintiff's action and the nature of the relief sought by the defendant. Siegel v. Helis, 186 La. 506, 172 So. 768; Rudd v. Land Company, 188 La. 490, 177 So. 583."

Let us now examine the allegations of plaintiffs' petition. In Paragraph 13 it is alleged " * * * that all defendants herein are claiming and asserting that the said lease is being maintained in full force and effect by production of oil, gas and other minerals from the properties covered by said lease including the properties owned by petitioners * * *". In Paragraph 16 it is alleged that petitioners reserve

" * * * all rights to recover for any oil, gas or other minerals which may have been removed from said property by any and all defendants * * *". If the very lease which plaintiffs seek to have cancelled has been maintained in full force and effect by production of oil and gas by the State's lessees, then necessarily these lessees are in actual, physical possession of the property. How else can the lessees produce oil and gas from the property except by physically going thereon, drilling a well or wells, and then continuing the operations necessary for production? As far as I can ascertain, this is the first case in the jurisprudence of this state that approves and recognizes that an action to remove cloud from title may be instituted against a *defendant in possession.*

Moreover, in Paragraph 15 of the petition it is alleged "That under the laws of the State of Louisiana your petitioners are entitled to have the title to their respective interests in the property described * * * recognized and decreed valid, and to be decreed the owners thereof * * *". Thus the allegations of plaintiffs' petition show that they seek to be decreed the owners of their respective interests in the properties, which their pleadings show are in possession of the lessees of the State. What they have instituted, then, is unquestionably a petitory action. See C.C.P. Art. 3651.

The State Mineral Board, named as one of the defendants, is the agent for the State with authority to grant mineral leases on lands belonging to the State. The mineral board does not have title to state lands but acts as the State's agent in making such leases. R.S. 30:124; see State v. Texas Co., 205 La. 417, 17 So.2d 569. It is clear that the lease which plaintiffs seek to have cancelled is one granted by the State of Louisiana through its agent, the mineral board, and that the State is in possession of the property through its lessees, which are producing oil and gas from the property. It is my conclusion that since this is a petitory action, the State is an indispensable party, C.C.P. Art. 641, and must be made a party defendant. What was said in Daigle v. Pan American Production Co., 236 La. 578, 108 So.2d 516, is pertinent here:

"* * * the mineral board does not have title to land or mineral rights, title thereto remaining in the state. The action to establish title to real estate (LSA–R.S. 13:5062) and the petitory action which plaintiff seeks to bring against the State Mineral Board, being concerned solely with the question of title to real rights claimed for the state, the state is a necessary party, and plaintiff is without legal right or cause to maintain them as against the State Mineral Board. * * *"

I respectfully dissent.

Rehearing denied; HAMITER, J., concurs.