PETERS, Judge ad hoc.
This is an action to remove a cloud from title. The lower court dismissed the suit on an exception of no cause of action and plaintiff has appealed.
Plaintiff alleged in her petition that by deed filed of record on June 7, 1958, she acquired and went into possession of the following described property:
*905 “A certain tract or parcel of land lying, being and situated in the 10th Ward of Avoyelles Parish, Louisiana, containing 228 acres, more or less, bounded now or formerly on the North by C. Tanner, South by B. Weil, East by Bostick, and West by C. E. Normand, see Conveyance Book A-30, page 331, records of Avo-yelles Parish, Louisiana.”
Plaintiff further alleged in her petition that subsequent to her purchase of the property, on May 21, 1960, she redeemed the property at a tax sale, which sale was recorded June 1, 1960. Further, a redemption deed in plaintiff’s favor was recorded on July 27, 1960.
Plaintiff further alleged that on or about July 17, 1951, defendant recorded an act of sale of the following property:
“A certain tract or parcel of land lying, being and situated in Avoyelles Parish, Louisiana, containing 120 acres, more or less, being the East Vfe of the East k, the NWVi of the NWVi, the WV2 of the SEVi, Section 30, TIN, R3E, acquired by Larry Marchand in Conveyance Book A-137, page 513, Records of Avoyelles Parish Clerk of Court.”
She alleged this instrument cast a cloud upon plaintiff’s title and plaintiff prayed to have this instrument ordered cancelled and erased from the public records.
We find the exception of no cause of action was properly sustained and therefore affirm the dismissal of the suit.
At the outset, we must consider defendant’s argument that there is no longer any Action to Remove Cloud from Title in Louisiana law. In Walmsley v. Pan American Petroleum Corporation, 244 La. 513, 153 So.2d 375 (1963), our Supreme Court held that this action survived enactment of the Code of Civil Procedure in 1960. Although the Walmsley decision has been much criticized it has never been overruled. However, this court, in Verret v. Norwood (La.App. 3rd Cir., 1975), 311 So.2d 86, held that in an Action to Remove Cloud, the plaintiff must meet the same burden of proof as would be required of him by LSA-C.C.P. 3653 in a petitory action. The Supreme Court denied certiorari in Verret, 313 So.2d 842 (1975), and three justices, one in dissenting and two in concurring in the denial of review, intimated the Walmsley decision was incorrectly decided and the Action to Remove Cloud from Title was abolished by the enactment of the Code of Civil Procedure in 1960. Thus, the continued validity of Walmsley is uncertain at the present time. However, we need not rule on this issue for plaintiff’s petition fails to state a cause of action even under the established jurisprudence concerning the Action to Remove Cloud.
In Walmsley, the court said, at page 378: “It is necessary in connection with plaintiffs’ action to remove a cloud from title that they allege a basis for such a demand. Here they have alleged their perfect record ownership and that allegation is made merely to serve as a basis for their right to have the cloud removed from their title.”
In the instant case, no basis was alleged for the demand that defendant’s act of sale be cancelled and erased from the records. There is no allegation that plaintiff’s title to the property described in her deeds is perfect or better than that of defendant. Furthermore, there is no allegation that the property allegedly claimed by defendant by virtue of its act of sale is the same land acquired and claimed by plaintiff. The description of land in plaintiff’s title is different from that in defendant’s title, and without additional allegations to show that plaintiff and defendant are claiming the same tract of land, the petition does not allege any facts which show the recordation of defendant’s act of sale is casting any cloud on plaintiff’s title.
Quite simply, plaintiff’s petition does not allege such facts as would entitle her to any relief. For this reason, the exception of no cause of action was properly sustained. Guillory v. Nicklos Oil and Gas Company (La.App. 3rd Cir., 1975), 315 So.2d 878; American Bank and Trust Company v. French (La.App. 1st Cir., 1969), 226 So.2d 580.
*906 For the reasons assigned, the judgment of the lower court is affirmed at plaintiff-appellant’s costs.
Affirmed.