SCHOTT, Judge.
Plaintiffs, Ann Elizabeth Breen, Orr Adams and Frank McLoughlin have appealed from a judgment maintaining exceptions and dismissing their “Action to Remove Cloud from Title.”
In the original petition filed in January, 1973, by Mary C. Papworth, she alleged that she was the owner of certain property in Jefferson Parish as the sole surviving heir of her father (Harry Papworth), mother, sister and two brothers whose succession proceedings had been opened in Jefferson Parish. Attached to her petition were copies of affidavits of death and heirship and wills filed in these succession proceedings but no copies of judgments of possession. She further alleged that her father acquired the property in 1901, sold it in 1905 and reacquired it in 1924 and that he, his predecessor, Metairie Ridge Nursery, and his heirs and successors have had possession of the property for over thirty years.
As to defendants, she alleged numerous sales, judgments of possession, quit claim deeds and other transactions as links in chains of title back to a tax sale to Henry Zander in October, 1925, which she alleges was null and void because it resulted from a dual assessment for the same property on which taxes were paid in the name of Me-tairie Ridge Nursery Company in January, 1925. As to each one of these transfers, including all sales and judgments of possession as well as the 1925 tax sale to Zander, plaintiff alleged that each recordation was casting a cloud on her title and she prayed that they all be cancelled and erased from the public records.
The petition drew several dilatory exceptions, including one of vagueness with respect to the property description but this was disposed of by an amending petition conforming the description to a 1975 survey, copy of which was annexed.
Mary C. Papworth died in June, 1973, and for a time the nominal plaintiff in the case was the executor of her succession, but in December, 1976, an amending petition was filed by Ann Elizabeth Breen, Orr Adams and Frank McLoughlin, in which they alleged themselves to be the owners of the property, Breen having inherited a one-half interest from Mary C. Papworth by virtue of a judgment of possession in her succession proceedings dated February 14, 1974, and Adams and McLoughlin having had transferred a one-half interest to them by Mary C. Papworth on December 9, 1971. These new plaintiffs reiterated all of the allegations and the prayer of the original petition, adding the allegation that the property involved here is a part of a tract patented by the United States to one Angelique Aury and to her heirs on January 15, 1964, and annexing a copy of such patent. It recited that it was based on an 1836 confirmation of a claim to the land by Angelique Aury.
Defendants responded by renewing peremptory exceptions of no right of action and no cause of action previously asserted before Breen, Adams and McLoughlin became parties with the principal thrust of the exceptions being that the allegations 'failed to establish a perfect unbroken chain of title from the plaintiffs back to the sovereign. These exceptions were submitted to the trial court on the basis of the pleadings, memoranda and arguments of counsel but no evidence was taken.
In his reasons for judgment, the trial judge stated that plaintiffs had no interest in the property because there was no chain of title leading up to the interest of Mary C. Papworth in the documents on file. He noted that none of the documents filed in these proceedings from the successions of the ancestors of Mary C. Papworth included a transfer of the property to her. Nevertheless, in his judgment he sustained “the peremptory exception of no cause or right *1200 of action to the original petition, as amended” and dismissed plaintiffs’ action as of non-suit.
Plaintiffs contend that the trial judge erred in deciding the question of their title on the basis of the pleadings rather than taking evidence because they were thereby deprived of placing in evidence the complete records of the succession proceedings. Relying on Wischer v. Madison Realty Company, Inc., 231 La. 704, 92 So.2d 589 (1957) they contend that the initial inquiry for the court was whether or not they state a cause of action and if so they are entitled to a trial on the merits in which evidence of title could be taken. We accept that approach for our purposes here and will initially consider the judgment of the trial court maintaining the exception of no cause of action.
Plaintiffs rely on Verret v. Norwood, 311 So.2d 86 (La.App. 3rd Cir. 1975) writs refused 313 So.2d 842, La., for the proposition that they have alleged all of the elements necessary to bring an action to remove cloud from their title. In that case the court held that the necessary allegations to bring the action to remove cloud were, 1) plaintiff claims ownership of the immovable or real right, 2) defendant has recorded an instrument casting a cloud on plaintiff’s title, 3) there be a proper description of the property, and 4) plaintiff desires a cancellation of the recorded instrument from the public records. We agree with plaintiffs that their petition as amended contains these elements but we do not believe that plaintiffs’ problem ends here.
From the opinion in the Verret case we see that plaintiffs pled ownership of the disputed land through their patent from the State of Louisiana as well as possession. They sought to have cancelled from the public records several mineral leases executed and granted by defendants affecting the land. In holding that plaintiffs had properly brought an action to remove clouds from their title the court, with expressed reluctance, followed the teaching of the Supreme Court in Walmsley v. Pan American Petroleum Corporation, 244 La. 513, 153 So.2d 375 (1963). An analysis of the Walmsley case along with all of the Supreme Court cases which created and nurtured the concept of an action to remove cloud from title demonstrates that the court in Verret properly applied the concept to the pleadings there present, but the same analysis demonstrates clearly that plaintiffs do not state a cause of action to remove clouds from their title.
In discussing the pleadings filed in the Walmsley case the court rejected the argument that plaintiffs were pleading a petito-ry action under the guise of an action to remove a cloud as follows, at 153 So.2d 378:
“Reference to paragraph 15, without referring to the preceding paragraphs which set forth the facts of plaintiffs’ ownership and the fact of defendants’ execution and filing of the offending lease, does not disclose the true meaning of that allegation. A reasonable construction of the allegation in paragraph 15, read in connection with the preceding paragraphs, indicates that it is no more than a statement that plaintiffs, as the owners of the property under the chain of title set forth, are entitled as a matter of law to have the instrument executed by defendants cancelled from the records as constituting a cloud on and slander of plaintiffs’ title. It is necessary in connection with plaintiffs’ action to remove a cloud from title that they allege a basis for such a demand. Here they have alleged their perfect record ownership and that allegation is made merely to serve as a basis for their right to have the cloud removed from their title. Rudd v. Land Co., 188 La. 490, 177 So. 583 (1937).” (Emphasis ours)
We think it is significant to note here that the instrument involved was a mineral lease granted by one defendant to the others and recorded by them. Furthermore, the petition set forth in detail plaintiffs’ recorded chain of title in the lands back to a patent granted by the state in 1878. The court continued:
“More important in determining the character of the action to which plaintiffs have resorted is the prayer of the peti *1201 tion. Garnier v. Louisiana Milk Commission, 200 La. 594, 8 So.2d 611 (1942). The pertinent portions of the prayer are quoted above. The language thereof seeks judgment decreeing the lease to be null, void and of no effect and prays that it be cancelled and annulled and for a decree that defendants have no interest in said property by virtue of the lease. Nowhere in the prayer are plaintiffs asking that they be decreed the owners. This prayer does not ultimately put the title of anyone at issue. The allegations of plaintiffs’ ownership is only collateral to the main demand which is to remove a cloud on plaintiffs’ record title and plaintiffs’ record title, if established, will entitle them to have this cloud removed.” (Emphasis ours)
Earlier in the opinion the court had noted that the prayer was for a judgment “decreeing the lease ‘to be null, void and of no effect and cancelled and annulled . decreeing defendants have no interest in and to said property by virtue of said lease.’ ”
Plaintiffs’ petition in the instant case stands in sharp contrast with the Walmsley petition. First, it does not simply seek to cancel an instrument executed and recorded by defendants but instead seeks to cancel an entire chain of title from the records including a tax sale which occurred over fifty years ago, judgments of possession in succession proceedings and transactions which occurred long before defendants came upon the scene. Unlike the Walmsley case, plaintiffs do not allege their own chain of title in detail back to the sovereign to provide “a basis for their right to have removed from their title” any cloud much less an entire chain of title.
Taking all of their allegations and prayer into consideration as a whole plaintiffs are seeking to have their title recognized and defendants’ repudiated. They seek relief which goes far beyond the concept of an action to remove a cloud from their title and cannot disguise their true action simply by placing another caption on the petition. We cannot accept plaintiffs’ petition as equivalent to the following from the Walmsley case 153 So.2d at page 379:
“[3,4] For the purpose of this exception, and in order to determine whether an action to remove cloud from title has been alleged, we take the allegations of plaintiffs’ petition to be true, and that petition tenders neither title nor possession as an issue; for, according to the petition, defendants have no title or semblance of title. Plaintiffs’ suit, therefore, does not have as its object that plaintiffs be declared owners.” (Emphasis ours)
The court went on to repeat that only a single invalid lease was sought to be expunged from the records; . . the validity of that lease alone is at issue;” and the title was not put at issue by the petition. Finally, the court said:
“Although plaintiffs are required to prove their recorded title to the property it will only be incidental to their right to have the offending lease cancelled, and there will be no adjudication of ownership as between plaintiffs and defendants, which would be the case if this were a petitory action.” (Emphasis ours)
In the instant case, plaintiffs are surely seeking an adjudication of ownership between them and defendants and not merely removal of clouds from their title.
We perceive that the opinion in the Walmsley case was carefully drawn to define narrow limits for the use of an action to remove cloud from title just as the Supreme Court had done previously and prior to the adoption of the Code of Civil Procedure. It was never sanctioned as a means to establish title or to attack the underlying title of a defendant. It was more in the nature of a conservatory remedy which was used to rid the public records of specific inscriptions the defendants recorded. We need but consider the following cases:
Daigle v. Pan American Production Company, 236 La. 578, 108 So.2d 516 (1959), a suit against the State Mineral Board to cancel a mineral lease on state grounds; Authement v. Weill, 197 La. 585, 2 So.2d 31 (1941) to cancel sale of an undivided inter *1202 est by one defendant to another; Parish of Jefferson v. Texas Company, 192 La. 934, 189 So. 580 (1939), seeking cancellation of mineral leases; Bodcaw Lumber Co. v. Kendall, 161 La. 337, 108 So. 664 (1926), seeking cancellation of a mineral lease; Exchange National Bank v. Head, 155 La. 309, 99 So. 272 (1924), seeking cancellation of a mineral lease; La Croix v. Villio, 123 La. 459, 49 So. 20 (1909), the grandfather of them all, seeking cancellation of a fraudulent judgment of possession and two sales, all confected by the defendant.
The language of the Daigle case, quoted by the court in Walmsley 153 So.2d at page 380, serves to bolster our conclusion that the action to remove a cloud has as its purpose the limited result of removal of some cloud from the public records, not to be a substitute for the real action, petitory and possessory, in which title is the principal issue and a final adjudication between the parties of such is the result.
Returning to the Verret case, we note the following comment by the court at 311 So.2d 89:
“. . . We nevertheless note that plaintiff has not sought to have cancelled the most serious clouds upon his title, that being the 1906 Tax Sale and the 1965 Redemption of the 1908 Tax Sale, both of which indicate the disputed tract belongs to defendants.”
We do not know what the court was implying by this comment but we are impressed with the fact that plaintiffs in the instant case are attempting to accomplish the very thing which the court in Verret noted that those plaintiffs were not attempting, i. e., to reach back into defendants’ title and obliterate it. Had the Verret plaintiffs sought the same relief as our plaintiffs seek the result might very well have been the same as ours.
Finally, we have considered Harrison v. Alombro, 341 So.2d 1165 (La.App. 1st Cir. 1977) writs refused, 343 So.2d 1063 (La.), in which the court stated the requirements of an action to remove clouds from title as, 1) claim of ownership, 2) existence of clouds, 3) description of property, 4) prayer for cancellation of the clouds. Thus, even the previous requirement set up in the Verret case that the defendant has recorded an instrument casting a cloud on plaintiffs title was extended to the mere existence of clouds presumably without regard to when or by whom such clouds were recorded. This language seems to go far beyond what was intended by the Supreme Court in the Walmsley case and we do not subscribe to it. We note the opinion does not reflect exactly what the instruments were which constitute clouds on the title. It may very well be that these were such clouds as mineral leases recorded by the defendants in which case the result was consistent with ours here.
We have concluded that a fair designation of this cause of action as one to remove cloud is inaccurate, that they do not state a cause of action for that relief nor do they state a cause of action for any other relief under their pleadings. The trial judge dismissed plaintiffs’ suit as of a non-suit so that plaintiffs are not precluded from bringing a proper action to establish their own title and question the title of defendants. However, since this was a judgment sustaining a peremptory exception we have considered its propriety in the light of C.C.P. Art. 934 which requires that such a judgment order an amendment of the pleadings where the grounds of the objection may be removed by an amendment. It appears that plaintiffs could by amendment state a cause of action for a petitory action. But plaintiffs in their brief to this court have specifically repudiated any attempt to assert a petitory action in these proceedings with the following statement:
“An action cannot be characterized as petitory unless the plaintiffs were seeking recognition of their ownership, and a simple review of the prayer in the petition of plaintiffs herein clearly shows that they are not seeking recognition of ownership, but are only seeking to have the instruments that are casting clouds cancelled and erased from the public records.”
*1203 Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
LEMMON, J., concurs with written reasons.